INHABITANTS OF VASSALBOROUGH, Petitioners for *certiorari*.

The writ of *certiorari* will not be granted for every informality or illegality in the proceedings of the County Commissioners.

It will not be granted because the record of the proceedings of the County Commissioners does not show how nor by whom notice to the parties interested was given.

Nor because all the owners of land over which the road passed were not named in the return of the County Commissioners, nor said to be unknown, those only being named who claimed damages.

Nor because the report of the committee appointed to estimate damages was signed by only two, the third being present and not dissenting.

Nor because a part only of the road petitioned for, and not the whole, was accepted.

Nor because the damages sustained by certain individuals were paid by those having a deep personal interest in the establishment of the road, and thus their releases were obtained.

Nor because the road, as established, was within the limits of a town.

THIS was a petition for a writ of *certiorari*, to bring up the record of the proceedings before the court of County Commissioners, on the petition of Jacob Butterfield and others for the location of a road, &c.

The petitioners assigned the following grounds for granting the writ of *certiorari* prayed for.

1. "That it does not appear by the record of the proceedings, that any notice was given to the parties interested prior to the laying out of said highway." It appeared from the record of the doings of the County Commissioners " that all the notifications required by law had been duly and seasonably

given," pursuant to the order of the Court; but how, or by whom given, did not appear.

2. " In the return made by the County Commissioners of their doings in the laying out of the highway, the owners of the land over which the road was laid out, were not all named, nor said to be unknown."

Those only were named who sustained damages according to their return.  Proof was offered that those not named claimed no damages.

3. " It does not appear that the committee agreed upon to estimate the damages sustained by the owners of the land over which said way passes, concurred in the amount to be given, or made any report of their doings."

The committee consisted of three, but the report was signed by two only.  The third, it appeared, was present during the examination and appraisement, acted with the others, and expressed no dissent, though he did not sign the return.

4. " The report of the County Commissioners, in laying out the road, was accepted in part when the whole should have been accepted or rejected."

5. " The report of the County Commissioners was accepted in consideration that the damages sustained by certain individuals were remitted; the amount being paid by individuals having a deep personal interest in the establishment of said highway."

There was evidence tending to show that the damages, to a large amount, allowed to those over whose land the road passed, had been paid by those interested in the location of the road; and that they had therefore released all claim for damages, and for their costs ; and that this had been done before the report had been accepted.   It further appeared, that these releases had been laid before the County Commissioners without the knowledge of the counsel opposed to the location of the road, and were not before them when the question of the acceptance of the road was heard and determined.

6. " The highway established, being within the limits of the

town of Vassalborough, the County Commissioners have no jurisdiction in the premises."

The cause was very elaborately argued in writing by *D. Williams* and *Vose*, for the petitioners, and by *Emmons*, for the respondents.

For the petitioners, it was contended — 1. It is the duty of the County Commissioners to spread upon the record, specifically, the mode and manner in which notice was given — so that the Court may determine whether the notice given was in conformity with law. They had no right to determine, summarily, that notice was given, without spreading upon the record the facts upon which such decision is based. *Lancaster* v. *Pope*, 1 Mass. R. 86; *Davis* v. *Maynard*, 9 Mass. R. 242; *Wellington* v. *Gale*, 13 Mass. R. 483.

2. All the owners of the land over which the road passes, are not named, nor said to be unknown. The record is the only evidence of the location of the road, and should state the names of all interested in the location, or that they are unknown. *Com.* v. *Coombs*, 2 Mass. R. 489; 2 Smith's Laws, 607.

3. A major part of the committee have no authority to make an award. No such authority is delegated to them in express terms, nor can it be implied. All must concur and sign. By the statute of 1821, c. 118, § 2, the party aggrieved has the option of a jury or of a committee to estimate damage. In the former case, unanimity is required. There is no reason why it is not equally necessary in the latter.

4. By St. 1835, c. 168, § 1, additional powers are given the County Commissioners. It contemplates the case of an application for a road adjudged of common convenience and necessity; but which, from the excessive amount of damages awarded, it becomes necessary to reject, and the power requisite for that purpose is granted. But the whole must be discontinued, or none. No power is given to apportion the damages on any part of the way. They are to consider the damages in the aggregate. The road was laid out upon petition, and can only be discontinued in the same way.

5. If the amount of damages would present an obstacle to the acceptance and final laying out of the highway, that obstacle cannot be removed by the payment of a part or the whole of the damages awarded by those interested in the establishment of the road. The only question is, whether public convenience or necessity require it. If this be permitted, then is private property taken, not for public, but for private purposes. If this be permitted, individuals may, by their united funds, procure the location of a road not required by any public exigency, and then throw the expense of maintaining it upon the town through which it passes. *Com.* v. *Cambridge*, 7 Mass. R. 167.

6. The road established being entirely within the limits of Vassalborough, the County Commissioners had no jurisdiction; they being restricted to county roads, or roads from town to town.

For the respondents it was insisted — 1. The record shows that the Court were satisfied that notice had been given. They were not required to specify the particular person by whom — nor the particular mode in which notice was given. The fact that the order as to notice had been complied with, the commissioners judicially determined by such evidence as they had before them, and the record contains the statement of their adjudication. The law no where requires that the manner in which the order of Court in relation to notice, has been complied with, should appear in the records of the Court. *Taylor* v. *County Commissioners of Hamden*, 18 Pick. 309.

2. It may be desirable that the names of all persons, over whose land the road located passes, should appear in the return of the Commissioners, but it is not indispensably necessary. The return of the road will show its location — the courses, distances, and width. Monuments are to be placed at the angles. If the return should err as to ownership, is the real owner to lose his rights because of such error? Cannot the mistake be shown by evidence, *dehors* the deed ? The line of the road is shown by the return. His title deed, will show

what lands he has, and where the locations of his boundaries are shown, it will appear whether or not the road passes over his premises. So too if a name be omitted — such omission will be no bar to a recovery of his rights.

3. The estimation of damages by the committee is a matter relating to the public. The distinction is well sustained between cases of delegated power or authority for public and for private purposes. In the former case the acts of a majority are sufficient; in the latter not. *Gundley* v. *Barker*, 1 Bos. & Pul. 229; *King* v. *Beeston*, 3 D. & E. 593; *Battie* v. *Gresley*, 8 East. 319; *Orvis* v. *Thompson*, 1 Johns. 500; *Green* v. *Miller*, 6 Johns. 39; *Barrell* v. *Porter*, 14 Mass. R. 143; *Moffit* v. *Jaquins*, 2 Pick. 331; *Munroe* v. *Reding*, 15 Maine R. 155; *Jones* v. *Anderson*, 9 Pick. 151.

4. The adjudication of the County Commissioners, that a road is of common convenience and necessity, is final and conclusive. They have unqualified authority to accept or reject a report of a committee. *Kennebunk Toll Bridge, petitioners*, 2 Fairf. 263; *Merrill* v. *County Commissioners of Berkshire*, 11 Pick. 269. By St. 1835, c. 168, § 1, power is given to the County Commissioners to accept or reject the report of committees, &c. It is argued, that they must accept or reject the whole — but this construction is too narrow. If they have authority to establish the whole, *a fortiori*, have they as to a part. This power results from their exclusive jurisdiction over roads. There may be sufficient reasons for such a course, and it will be presumed there were. *Com.* v. *West Boston Bridge*, 13 Pick. 197; *Merrill* v. *County Commissioners of Berkshire*, 11 Pick. 275; *Rutland* v. *County Commissioners of Worcester*, 20 Pick. 85; St. 1839, c. 367.

5. The record does not show that damages were released in consequence of this amount being paid by those interested in the establishment of the road. The proof taken as to these facts should not have been received, because it is contradictory to the record. 20 Pick. 76. The record does not show that the relinquishment of damages was a consideration for the adjudication made. The establishment of the road stands

upon the ground of necessity and public convenience. *Fuller* v. *County Commissioners of Plymouth*, 15 Pick. 81. If this evidence be admissible, it was competent for those interested to release damages, and for the Commissioners to accept such release.

6. The objection that the road has been located within the limits of one town, has been overruled. *New Vineyard* v. *County Commissioners of Somerset*, 15 Maine R. 21.

This is an application addressed entirely to the discretion of the Court. There is no complaint that a full hearing has not been had, before the proper tribunal; and the Court will not reverse their adjudication, unless the strongest reasons exist therefor.

Heavy expenses have been incurred — and a reversal would not place the parties in their original position. *Ex parte Weston*, 11 Mass. R. 417; *Adams, petitioner*, 4 Pick. 32; *Wilbraham* v. *County Commissioners of Hamden*, 11 Pick. 322; *Ex parte Baring*, 8 Greenl. 137.

By THE COURT. — There is strong reason to apprehend that some improper steps were taken to procure the acceptance of the location of the highway complained of. It is not, however, every irregularity, or even illegality, which may have arisen in such a matter, that imperatively urges the discretion of a Court to grant a *certiorari*. And in this case, it seems to us, that the weight of authorities is against our interference. The *certiorari* is therefore denied.