## STATE ex rel. PARK vs. SUPERVISORS OF PORTAGE COUNTY.

*Conditions precedent to removal of County Seat.*

1. The legislature may impose conditions precedent to the removal of a county seat, in addition to those imposed by the state constitution.
2. A condition that after a majority of votes have been cast (at an election duly held on that question) in favor of the removal of a county seat to a certain city, it shall not be removed until said city shall place at the control of the county supervisors a specified sum of money, is valid.

APPLICATION for a *Mandamus.*

A *mandamus* was sought in this case to compel the respondents to proceed to erect county buildings for their county in the village of Stevens' Point, in accordance with the requirements of ch. 280, Private and Local Laws of 1868. The petition alleged that all the conditions precedent mentioned in that act had been fully performed. The provisions of the act will sufficiently appear from the opinion.

The respondents moved to quash the alternative writ.

*J. C. Hopkins,* for the motion. [No brief.]

*S. U. Pinney, contra.*

COLE, J. On the motion to quash the alternative writ of *mandamus* in this case, it was claimed that chapter 280, Pr. & L. Laws of 1868, was unconstitutional, upon two grounds. The first ground was, because the legislature did not fix in the act the point to which the county seat was to be removed in case a majority of the voters of the county should vote in favor of a removal of the same to that point. This is a mistake. The first section of the act provides that at a special election to be held as therein prescribed, the legal voters duly registered of the county of Portage were thereby authorized to vote upon the question of the removal of the county seat of

said county from its then present location at Plover to the city of Stevens' Point; "and if a majority of all the votes cast on the question at said election shall be in favor of such removal, then the city of Stevens' Point shall be the permanent county seat of said county." This surely, as it appears to us, fixes the point to which it is proposed to remove the county seat, provided a majority of the voters of the county are in favor of a removal to the city of Stevens' Point, and another clause of the law was complied with. It is very true, that, by the fifth section of the same act, it is further provided that, in case the result of the election should be in favor of the removal to Stevens' Point, then the several county offices, and the place of holding the circuit court, should not be removed thereto until the city of Stevens' Point should first have placed at the control of the county board of supervisors the sum of ten thousand dollars to build county buildings with at that place. This was, in effect, imposing a still further condition to the removal, even if a majority of the voters should vote for the change. But could not the legislature attach such a condition if it saw fit? The whole power of the legislature over the subject of the removal of county seats is only restrained by the limitations of the constitution. The constitution imposes only two conditions, which must be satisfied in all cases; but this does not prohibit the legislature from attaching other conditions if it thinks it advisable to do so. "No county seat shall be removed until the point to which it is proposed to be removed shall be fixed by law, and a majority of the voters of the county voting on the question shall have voted in favor of its removal to such point," is the language of the constitution. Art. 13, sec. 8. There is nothing in this provision which would restrain the legislature from imposing the condition that the county seat should not be removed to Stevens' Point, even if the result of the election was in favor of

State ex rel. Park vs. Supervisors of Portage County.

such removal, until that city should place at the control of the board of supervisors ten thousand dollars to aid in the erection of public buildings at that place.

The second objection taken to the law is, that this provision in the fifth section is in the nature of a bribe to the voters of the county to vote for the removal to Stevens' Point, and that upon grounds of public policy the law must be declared void. This objection cannot prevail. If the legislature had power to authorize such an arrangement, it is not for this court to declare the law void because it may think such provisions not wise nor beneficial. The question whether such enactments were in harmony with the soundest public policy, was one for the legislature to determine ; and the courts cannot nullify them because they may think them not consistent with the highest wisdom and morality. We do not wish to be understood as conceding that there is any thing immoral or objectionable in this provision of the law. So long as the people of Stevens' Point, upon whom the burden of raising this sum of money was imposed by the legislature, do not complain of the condition, others, who are relieved by it, should not.

*By the Court.*—The motion to quash the alternative writ is denied.