# CASES DETERMINED

AT THE

# January Term, 1900.

---

THE STATE EX REL. CURTIS, Respondent, vs. TOWN BOARD OF
THE TOWN OF GENEVA, Appellant.

107 1.
e114 ¹663,

*April 12 — April 27, 1900.*

*Highways: Establishment: Appeal from town board by nonresident
freeholder: Promises of aid in construction.*

1. Where an application has been made to the town board to lay out a
   road across the land of a citizen of this state upon whom notice
   thereof, making him a party to the proceedings, was given under
   sec. 1267, Stats. 1898, he is competent to appeal from the decision
   of the board thereon under sec. 1276 (providing that "any person
   who shall consider himself aggrieved by any order laying out"
   or refusing to lay out any highway may appeal therefrom), even
   though he is not a resident of the town.
2. Where the decision of the town board, or of commissioners, to lay
   out a highway was not procured or induced by private contribu-
   tions or offers of pecuniary aid towards the construction of the
   road, such contributions do not vitiate the decision.

APPEAL from a judgment of the circuit court for Wal-
worth county: FRANK M. FISH, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Quarles, Spence &
Quarles,* and oral argument by *George Lines.* They con-
tended, *inter alia,* that only those qualified to be signers of
an application for the laying out of a highway can appeal
from the refusal to grant such application. In this case the
relator, not being a resident of the town, was not qualified
to sign a petition for the laying out of the highway in ques-

tion. Sec. 1265, Stats. 1898; *Damp v. Dane*, 29 Wis. 419; *State ex rel. Iola v. Nelson*, 57 Wis. 147.

For the respondent there was a brief by *Simmons & Tyrrel*, attorneys, and *Cooper, Simmons, Nelson & Walker*, of counsel, and oral argument by *J. B. Simmons*.

CASSODAY, C. J. On January 11, 1897, an application was made to the defendant, *The Town Board of the Town of Geneva*, in Walworth county, to lay out the highway in question. On February 20, 1897, the town board decided upon such application, and by a written order in due form by them signed and then filed with the town clerk, denied such application and refused to lay out such proposed highway. The relator, *Lewis Curtis*, who then was, and is, a citizen of the state, a freeholder in the town of Geneva, and the owner of land across which the proposed highway was to be laid, but who was a resident of the city of Lake Geneva in that county, considering himself aggrieved by the determination of the supervisors of the town, in March, 1897, duly appealed from such determination to the county judge of that county for the appointment of commissioners to review such order or determination, and executed in due form, and duly filed with the county judge, a bond to the town of Geneva, with sufficient sureties, approved by the judge, conditioned as required by the statutes of this state. Thereupon the county judge, pursuant to notice duly given by him, and in the manner prescribed by law, on April 24, 1897, at his office in Elkhorn (the relator and the town board being present and participating in the proceedings), selected E. D. Page, W. H. Aldrich, and J. W. Bronson, three disinterested freeholders of that county, as commissioners to review the order or determination of the town board in the manner provided by law, and thereupon annexed to such application a warrant, under his hand, requiring them to appear personally at the town hall in the town

of Geneva, May 3, 1897, at 10 o'clock in the forenoon of that day, to view and examine the highway described in such application, and review the order or determination appealed from, and make return of their decision thereon to the town clerk of the town of Geneva within twenty days thereafter, which warrant was duly served upon each of such commissioners.

Pursuant to such warrant the persons so chosen commissioners met at the town hall mentioned, May 3, 1897, at 10 o'clock a. m., pursuant to such warrant, and having been first duly sworn justly and impartially to discharge their duties as such commissioners, then and there proceeded to view and examine the proposed highway, and to review the determination appealed from, and heard all parties interested therein, and the proofs offered by them, and then and there decided and determined that the order or determination of the town board refusing to lay out such highway should be in all things reversed, and then and there reduced their said decision to writing, subscribed their names thereto, annexed the same to such warrant, and on May 4, 1897, duly filed such decision, together with such warrant thereto annexed, in the office of the town clerk of that town.

On October 19, 1897, the relator caused all proper papers to be filed in the office of the town clerk for the laying out of such proposed highway in conformity with the decision of such commissioners, with a written request for the laying out of such highway. Such request not being complied with, the relator, December 7, 1897, at a duly convened meeting of the town board, at which all of the supervisors were present and participating, appeared by his attorneys and made demand of the town board personally that they should comply with and carry out the decision of such commissioners reversing their order of February 20, 1897. The town board then and at all times refused and neglected to comply with the decision of such commissioners and lay out such high-

way. Thereupon, and on February 4, 1898, the relator, upon petition filed, obtained an alternative writ of *mandamus* from the trial court, requiring the town board to show cause why they should not lay out the road as determined by such commissioners. The town board made return to such alternative writ. Thereupon, and on April 8, 1898, the relator made answer to such return.

The issues thus formed having been tried by the court, the court on June 26, 1899, found as matters of fact, in effect, as stated, and as conclusions of law the court found that the relator was entitled to judgment against the defendant, *The Town Board of Geneva*, for the costs of this action, and for a peremptory writ of *mandamus* requiring and commanding the town board to proceed to lay out the proposed highway described, and ordered judgment to be entered accordingly. From the judgment so entered the town board brings this appeal.

A reversal is sought on the ground that the relator was incompetent to take the appeal from the decision of the town board. The statute applicable is to the effect that *"any person who shall consider himself. aggrieved* by any order laying out " or refusing to lay out any highway " may, within thirty days after such determination, appeal therefrom and apply . . . to the county judge for the appointment of commissioners to review such order or determination." Sec. 1276, Stats. 1898. The objection is that the relator resided in the city of Lake Geneva, and not in the town of Geneva, where the proposed highway was to be located. It was found by the court, and in fact is conceded, that the relator then was, and is, a citizen of this state, and a freeholder of the town of Geneva, and the owner of eighty acres of land in that town, across which the proposed highway was to be laid out; and hence notice was accordingly served upon him, as required by the statute (sec. 1267). Such notice to such landowners was to give

them an opportunity to be heard by the town board before passing upon their property rights, and hence made them parties to the proceedings. *Austin v. Allen*, 6 Wis. 142; *State v. Langer*, 29 Wis. 68; *State v. Logue*, 73 Wis. 598. Some of the authorities seem to concede the right of such landowners to appeal, and others seem to limit the right to such landowners. *People ex rel. Ridgeway v. Cortelyou*, 36 Barb. 164; *State ex rel. Dakota Co. Comm'rs v. Barton*, 36 Minn. 145; *Kimball v. Homan*, 74 Mich. 699; *Taylor v. Comm'rs of Highways*, 88 Ill. 526; *Comm'rs of Highways v. Quinn*, 136 Ill. 604. This court has held that such landowner might "in his own name procure a review on *certiorari* of the action of the authorities in laying out such highway." *State ex rel. Wood v. Goldstucker*, 40 Wis. 124. Following the decisions of New York, from whence we borrowed the statute cited giving such right to appeal, this court has recently held, in effect, that under that statute any freeholder of the town in which such highway or proposed highway is situated, who "considers himself aggrieved" by the order or determination of the town board, may appeal therefrom, as prescribed. *State ex rel. Rogers v. Wheeler*, 97 Wis. 96. That decision is certainly broad enough to cover the case at bar. We must hold that the relator was competent and had the right to take the appeal.

Counsel seek a reversal upon another ground. It appears, and is in effect found by the court, that after the commissioners had made their decision upon such appeal, and reduced the same to writing, and had all subscribed the same, the relator and one Davidson, a freeholder of the town of Geneva, together made an undertaking, which, with such decision of the commissioners, was filed in the office of the town clerk May 4, 1897. Such undertaking recited the hearing before the commissioners; the fact that they had decided to reverse the decision of the town board; that it was then proposed to lay out the road; that the mayor and

common council of the city of Lake Geneva had pledged themselves to appropriate $400 out of the funds of that city towards defraying the expenses of such road; that the residents of that city had raised, or were about to raise, $200 more, by subscription, for the same purpose, and to be paid upon the laying out and construction of the road. Therefore, in consideration of the premises, the relator and Davidson, who executed such undertaking, thereby jointly and severally undertook and promised on the part of such city and such subscribers that they should pay to the town of Geneva, in the aggregate, $600 towards the construction of such road, upon the completion thereof in a good and workmanlike manner. But the court found that such decision of the commissioners was not procured or induced by such undertaking, or by any promise thereof, or by any of the statements, promises, or offers of pecuniary or other aid in the construction of such proposed highway. The question is whether such proposed aid by the city and the resident subscribers of the city to the amount of of $600, so guaranteed by the relator and Davidson, vitiated the decision of the commissioners.

Of course, it is well settled in this state and others that the legislature has no power to authorize private property to be taken for private use without the owner's consent, even if compensation be provided for. Sec. 13, art. I, Const.; *Osborn v. Hart,* 24 Wis. 89; *Culbertson v. Coleman,* 47 Wis. 200, 201; *State ex rel. Lightfoot v. McCabe,* 74 Wis. 483; *Wis. W. Co. v. Winans,* 85 Wis. 39, and cases there cited. We are referred to cases, on the part of the defendant, where, to avoid such rule, private parties have prevailed or attempted to prevail upon town authorities to lay out highways, colorably for the use of the public, but really for their own private benefit alone, over the land of others, without their consent, by offering to pay, or to secure the payment of, the damages, or some part thereof, for taking the

land, and where such proffered aid in such a case has been condemned. *Comm. v. Cambridge,* 7 Mass. 165–167; *Comm. v. Sawin,* 2 Pick. 547; *Dudley v. Cilley,* 5 N. H. 558. And yet in these cases, or some of them, it is, in effect, held to be no objection for the landowner to waive all claim for damages for the purpose of obtaining the road, "nor to a *bona fide* charitable donation to a town or plantation to relieve it under burthens necessarily imposed for the public benefit." In New Hampshire the courts go as far as any in the condemnation of such voluntary aid, yet even there it is held that the court would not, in the absence of proof, presume that the town authorities acted upon such inducement. *Smith v. Conway,* 17 N. H. 586, 592. In a more recent case it was held in that state that "a town may make an appropriation necessary for building a convenient public bridge, with a proviso that if enough more to enable the town to build a more convenient one, of a certain design, is contributed by individuals and given to the town, the more convenient one shall be built." *Kelley v. Kennard,* 60 N. H. 1.

In Massachusetts it was held at an early day that the taking of a bond from an individual to contribute towards the expense of laying out or altering a highway would not vitiate the proceedings, unless the bond was the basis of the proceeding, and the adjudication was not colorably for the use of the city, but really for the benefit of a private individual. *Parks v. Boston,* 8 Pick. 218. So it has been held in that state that "where a sum of money was subscribed by certain individuals for the purpose of defraying a portion of the cost of a town way, and this fact was communicated to the inhabitants of the town before the town way was approved, . . . the vote of approval was not rendered invalid thereby." *Copeland v. Packard,* 16 Pick. 217. See, also, *Blake v. County Comm'rs,* 114 Mass. 583. In a recent case it is said by that court that "there may be voluntary private contributions, reducing the amount of the public

charge, and such contributions do not invalidate the acts of the authorities charged with the duty of adjudging whether the improvement shall be made, and its details." *Atkinson v. City Council of Newton*, 169 Mass. 242. See, also, *State v. Justice*, 24 N. J. Law, 413; *Townsend v. Hoyle*, 20 Conn. 1. So, in Maine it has been held that the action of the commissioners would not be set aside " because the damages sustained by certain individuals were paid by those having a deep personal interest in the establishment of the road, and thus their releases were obtained." *In re Vassalborough*, 19 Me. 338. So, it has been held in Ohio that "undertakings by written subscription to contribute money or other property in aid of public works are valid contracts that may be enforced in courts of justice." *Comm'rs of Canal Fund v. Perry*, 5 Ohio, 58. To the same effect, *State v. Collins*, 6 Ohio, 126.

We are not aware of any ruling of this court upon the facts found by the trial court which would tend to vitiate the decision of the commissioners in this case. On the contrary, there are some decisions which sanction such voluntary aid to public improvements. *State ex rel. Park v. Sup'rs of Portage Co.* 24 Wis. 49; *State ex rel. Newell v. Purdy*, 36 Wis. 225; *Lynch v. E., L. F. & M. R. Co.* 57 Wis. 430; *Pepin Co. v. Prindle*, 61 Wis. 311, 312, and cases there cited; *Lund v. Chippewa Co.* 93 Wis. 646, 647. Of course, such contribution or offer of pecuniary aid must not be of such a character, nor made under such circumstances, as would be likely to swerve the commissioners or town board from the performance of their duty to the public. Here, as indicated, it is expressly found that the decision was not procured nor induced by the undertaking, nor by any promise of pecuniary or other aid, and we cannot say that such finding is not sustained by the evidence. Upon the reversal of the order or determination of the town board by the commissioners, the town board was required by the statute to proceed to lay

out the highway, "the same as if they had originally determined to lay out" such highway. Sec. 1282, Stats. 1898. That statute is peremptory, and the town board were bound to obey it.

*By the Court.*— The judgment of the circuit court is affirmed.