Town of Shelby, Respondent, vs. Miller, Appellant.

*May 14—June 19, 1902.*

*Contracts: Public policy: Agreement by individual to save town harmless from costs of litigation: Highways.*

Defendant's application to the town supervisors to lay out a highway to his lands was granted, but an action was brought to restrain the opening of the road. The supervisors decided not to defend, but at defendant's request permitted him to defend in their place, he agreeing to save the town harmless from all costs and expenses of the litigation. *Held*, that such agreement was against public policy, and that, on being compelled to pay the costs, the town could not recover the same from the defendant.

APPEAL from an order of the circuit court for La Crosse county: J. J. Fruit, Circuit Judge. *Reversed.*

Action on contract. The allegations of the complaint are to the following effect: September 13, 1899, defendant duly applied to the supervisors of the plaintiff town, under sec. 1275, Stats. 1898, to lay out a public highway to lands owned by him. Such proceedings were duly taken pursuant thereto that the application was granted October 23, 1899. Subsequently William Baier commenced an action in the circuit court for La Crosse county, against said supervisors as such, to enjoin the opening of the road, and temporary restraint in that regard was granted till the final termination of the litigation. Upon due consideration the supervisors decided not to defend the action. Defendant then requested them to permit him to defend the same in their place, promising to save the town harmless from all costs and expenses which might be directly or indirectly incurred by the town by reason of the litigation. The request was granted upon the terms stated. The result was that judgment was rendered in favor of Baier and against the supervisors for $125.70 in the circuit court, and $152.17 in the supreme court. Plaintiff paid both such judgments. Subsequently, at a regular meeting of the electors of the town, the action of the supervisors was ratified and they were authorized to commence an action against defendant for reimbursement of the outlay aforesaid. After such outlay a demand was duly made upon defendant to comply with his agreement by making the town good for the same, which he refused to do.

Judgment was demanded for the amount of the outlay with interest and costs. The defendant demurred to the complaint for insufficiency. The demurrer was overruled and defendant appealed.

The cause was submitted for the appellant on the brief of *Higbee & Bunge,* and for the respondent on that of *McConnell & Schweitzer.*

To the point that the contract was against public policy and void because it was for the control of the official action

and decision of plaintiff's supervisors, counsel for appellant cited *Adams Co. v. Hunter* (Iowa) 6 L. R. A. 615; *Williams v. Segur*, 106 Ind. 368, 1 N. E. 707; *Morris v. Hoff*, 3 N. J. Law, 463; *Dorset v. Garrard*, 85 Ga. 734, 11 S. E. 768; *Hatch v. Mann*, 15 Wend. 44; *Kennedy v. Hodges*, 97 Ga. 753, 25 S. E. 493; *Buck v. Eureka* (Cal.) 30 L. R. A. 409; *Cole v. Parker*, 7 Iowa, 167; *Cass Co. v. Beck*, 76 Iowa, 487, 41 N. W. 200; Greenhood, Public Policy, 337; *Ramsey Estate v. Whitbeck*, 183 Ill. 550, 56 N. E. 322; *New Haven v. N. H. & D. R. Co.* (Conn.) 18 L. R. A. 256; *Ayres v. Moan* (Neb.) 15 L. R. A. 501; *Hope v. Linden P. Asso.* 58 N. J. Law, 627, 34 Atl. 1070; *Foley v. Platt*, 105 Mich. 635, 63 N. W. 520; *Penley v. Auburn*, 85 Me. 278, 27 Atl. 158; *Ring v. Devlin*, 68 Wis. 384; *Richardson v. Crandall*, 48 N. Y. 348; *Fawcett v. Eberly*, 58 Iowa 544, 12 N. W. 580; *Brule Co. v. King*, 11 S. D. 294, 77 N. W. 107.

Counsel for the respondent cited *Printing & N. R. Co. v. Sampson*, L. R. 19 Eq. 462; *Houlton v. Nichol*, 93 Wis. 398; Bishop, Contracts, § 995; *Clark v. Janesville*, 13 Wis. 414; *State ex rel. Curtis v. Geneva*, 107 Wis. 1; *Townsend v. Hoyle*, 20 Conn. 1; *Goodspeed v. Fuller*, 46 Me. 141; *Industry v. Starks*, 65 Me. 167.

MARSHALL, J.  As indicated in the statement, the supervisors, by the contract sought to be enforced in this action, abdicated their official positions as guardians of the public welfare in respect to the suit commenced by Baier.  They officially considered the question of whether they ought, under the circumstances, to jeopardize the interests of the town by defending the suit, and determined it in the negative; then, in effect, for the consideration in controversy they allowed appellant to prolong the litigation in their official names.  If this case could be determined on its mere moral aspects, the conduct of appellant, in obtaining full benefit of his agreement and then repudiating its responsibilities because not en-

forceable by legal remedies, would merit and receive condemnation by holding him liable upon the facts stated in the complaint upon the doctrine of estoppel *in pais.* But that wise public policy which abhors bartering away official discretion seems to shut the judicial door to respondent's plea for redress.

It has been decided by this and other courts that private contracts with officials, by which they surrender the performance of official duty to others, or allow the judgment of others to be substituted for their own in the performance of such duty, are void on grounds of public policy; that courts cannot be resorted to for the purpose of enforcing them. *State ex rel. Curtis v. Town Board of Geneva,* 107 Wis. 1, 82 N. W. 550, relied on by respondent, as we understand the opinion, very clearly condemns the agreement sued on. True, as there decided, town officers may accept private aid for the town in the making of a public improvement without vitiating their proceedings in determining whether the public interests require the improvement or not, if such aid is not the producing cause of their decision. This language was used in the opinion:

"Of course, such contribution or offer of pecuniary aid must not be of such a character, nor made under such circumstances, as would be likely to swerve the commissioners or town board from the performance of their duty to the public. Here, as indicated, it is expressly found that the decision was not procured nor induced by the undertaking, nor by any promise of pecuniary or other aid."

In the case before us it is alleged in unmistakable language that the action of the supervisors, in permitting the litigation with Baier to proceed, was based solely on appellant's agreement that he would defend the suit in their official names, but treat the matter involved as really his private affair and reimburse the town for all costs and expenses it might be subjected to because of the continuance of the litigation. Now it is plain that it was the duty of the supervisors to stand

for the town in fact as well as in form; that, regardless of whether the arrangement with appellant was free from moral turpitude or not, it required him to carry a burden in his private capacity as a condition of their permitting the suit to be defended, when they should have defended it unconditionally if, in their judgment, the public interest called for a defense in the matter, and, if it did not, should have stood by their resolution not to put in any defense. They were guilty either of extorting from Miller the agreement set forth in the complaint as a condition of the performance of their official duty, or of permitting a mere private person, in consideration thereof, to use their official positions to vex Baier with a long and expensive judicial controversy in which they did not believe there was sufficient merit on the side of the town to warrant them in carrying it on. In either view of the matter, sound public policy condemns the agreement. The rule in that regard is aimed at preventing that species of oppression which compels individual members of a community to obtain performance of official duty by purchase, as well as at preventing surrender of that official discretion which the law contemplates shall be bestowed upon every situation in which an officer is required to act. *Winter v. Kinney,* 1 N. Y. 365; *Webb v. Albertson,* 4 Barb. 51.

Much time might be spent reviewing the authorities supporting the principle of this decision without pointing to any case similar to the one before us, in all respects, as to the facts. We do not deem it necessary or advisable to discuss the subject at length, inasmuch as the principle involved is elementary and the precise standard of public policy to be maintained rests largely in judicial discretion where the legislature has not spoken on the subject. It is considered that capacity of a person to make an enforceable private contract with an officer to secure performance or omission to perform an official duty, whether benefit under such contract inures to such person or to the public and whether his motive in the

matter be good or bad, is inconsistent with a safe standard of official integrity; that such a contract is constructively corrupt; that it is void as contravening sound public policy, and not enforceable by judicial remedies. It follows that the demurrer to the complaint should have been sustained, and that the order appealed from must be reversed and the cause remanded for further proceedings according to law.

*By the Court.*—So ordered.