THE STATE EX REL., DOSCH, Respondent, vs. RYAN and others, Appellants.

*February 27—March 20, 1906.*

*Highways: Establishment: Proceedings: Promises of private aid in construction: Public policy.*

1. Highways are only to be laid out when the public good will thereby be promoted, and private considerations or inducements cannot rightly enter into the question in any degree.
2. Bargains with public officers who are exercising the important and sovereign power of laying out highways, and the offer of inducements of any kind tending to influence their free action, are not only void as against public policy, but official action based thereon ceases to be based solely upon the public welfare and becomes tainted with some degree of private interest.
3. In proceedings before commissioners appointed by the county judge to review the decision of the town supervisors denying an application to lay out a highway, the commissioners met, and two were in favor of laying out the highway and one opposed. D., a person interested in the establishment of the highway, having been called in and asked if he would grade the piece of new road and build a bridge at his own expense, agreed to do so, and gave a bond to the commissioners binding himself to do such acts, conditioned that if he failed to do so the road should not be laid out or opened. Thereupon the commissioners unanimously decided to lay out the highway as prayed, and filed their written decision to that effect, accompanied by the bond. *Held:*

    (1) The decision of the commissioners was conclusively shown to have been, in part, based upon the fact that the bond had been given, and was void.

    (2) It did not avail the validity of the proceeding that a majority of the commissioners testified that they would have decided to lay out the highway had the bond not been given.
4. In such situation there is safety only in the entire prohibition of such transactions.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Richmond & Lincoln,* and oral argument by *P. L. Lincoln* and *S. T. Swansen.*

They contended, *inter alia,* that, when the sovereign authority, decides to take private property for public use, the primary finding that "the public good will thereby be promoted" must not be induced or promoted by private considerations; if so, it is fatal to the determination. *State v. Castle,* 44 Wis. 670; *State ex rel. Curtis v. Geneva,* 107 Wis. 1; *Shelby v. Miller,* 114 Wis. 660; *Dudley v. Cilley,* 5 N. H. 558; *Knowles' Petition,* 22 N. H. 361; *Smith v. Conway,* 17 N. H. 586; *McGuire v. Smock,* 42 Ind. 1, 13 Am. Rep. 353; *Howard v. First Ind. Church,* 18 Md. 451; *Comm. v. Sawin,* 2 Pick. 547; *Webb v. Albertson,* 4 Barb. 51; *Hoadley v. Waterbury,* 34 Conn. 38; *Comm. v. Cambridge,* 7 Mass. 158; *Hampton v. Poland,* 50 N. J. Law, 367, 13 Atl. 174. The distinction is clear between donations which are purely voluntary and payments of money which *tend to or have for their object* the swerving of a *quasi*-judicial decision. *Jones v. Andover,* 9 Pick. 146. *Comm'rs of Canal Fund v. Perry,* 5 Ohio, 56, 58, and *State v. Collins,* 6 Ohio, 126, cited in *State ex rel. Curtis v. Geneva,* 107 Wis. 8, as sustaining such a contract, are clearly distinguishable. The order and bond being signed, they together constitute contemporaneous instruments. In law they constitute the final decision and determination of the commissioners. *Winner v. Hoyt,* 66 Wis. 227, 234; 17 Am. & Eng. Ency. of Law (2d ed.) 9; 26 Am. & Eng. Ency. of Law (2d ed.) 623; 1 Greenl. Ev. § 283.

*F. W. Burnham,* for the respondent.

WINSLOW, J. This is an action of *mandamus* brought by the relator to compel the defendants, as town supervisors, to alter a certain highway in accordance with the determination of commissioners. It appeared upon the trial that in February, 1903, the relator with other freeholders applied to the defendants, as supervisors, to alter a certain highway in the town by laying a piece of new road and discontinuing a portion of the old highway, under sec. 1265, Stats. 1898, and

that on March 14th following the supervisors denied the application; that thereafter an appeal was taken from such denial, and commissioners were appointed by the county judge to review the decision of the supervisors, under secs. 1276–1279, Stats. 1898; that the commissioners met, and two of their number were in favor of making the alteration, but one was opposed thereto; that *Dosch,* the relator, was then sent for and asked if he would be willing to grade the piece of new road and build a necessary bridge thereon at his own expense, and he agreed that he would do so; that *Dosch* thereupon executed and gave to the commissioners his bond in the sum of $1,000 running to the town, binding himself to build the road and the bridge on or before November 1, 1904, and further conditioned that if he failed to do so then such road should not be laid or opened; that thereupon the commissioners unanimously decided to alter the road as prayed, and filed their written decision to that effect, accompanied by the bond. The trial court found that the majority of the commissioners were not influenced in their action by the agreement and bond made by *Dosch,* and that the decision was in all respects valid, and awarded the peremptory writ of *mandamus.*

We find ourselves unable to agree with the conclusions reached by the trial judge. Highways are only to be laid out when the public good will thereby be promoted. Private considerations or inducements cannot rightly enter into the question in any degree. If private individuals with special interests were allowed to bargain with public officers who are exercising this important and sovereign power, and to offer inducements of any kind tending to influence their free action, the interests of the public would be at once in jeopardy. Not only are such bargains void as against public policy, but official action based thereon ceases to be based solely upon the public welfare, and becomes tainted with some degree of private interest.

To approve of such a course would be to open the door to

In re Gertsen's Will, 127 Wis. 602.

injustice and favoritism. *State ex rel. Curtis v. Geneva,* 107 Wis. 1, 82 N. W. 550; *Shelby v. Miller,* 114 Wis. 660, 91 N. W. 86. It avails not to say that the majority of the commissioners testify that they would have decided to lay the road had the bond not been given. They did not do so. No decision was made until after the bond was given. The decision is conclusively shown to have been, in part, based upon the fact that the bond had been given. No nice separation of motives is possible. There is safety only in the entire prohibition of such transactions.

*By the Court.*—Judgment reversed, and action remanded with directions to quash the writ.