SHARPE, Appellant, vs. HASEY and others, Respondents.

*November 13—December 7, 1909.*

*Highways: Laying out: Offer of aid as inducement: Validity of order: Making and signing by supervisors: Evidence: Intent: Pleading: Amendment: Discretion.*

1. Where a contribution or offer of pecuniary aid in case a highway shall be laid out is of such character or is made under such circumstances as would be likely to swerve the town board from its duties in the matter, it is against public policy and vitiates the action of the board; but no such result follows where the offered aid is so trifling and inconsequential in comparison with the cost of the proposed highway that it cannot reasonably be deemed to have been an inducement to the determination arrived at by the board.
2. An intent already formed is a fact and may be testified to like any other fact by the person who formed it.

3. Where a motion to amend the complaint was made after the close of the testimony, denial thereof on the ground that there had been no full presentation of the facts necessary to an intelligent determination of the question sought to be raised by the amendment cannot be held error, where such denial does not appear to have been an abuse of discretion.

4. The determination by town supervisors to lay out a highway must be made and the required order must be agreed upon at a legal meeting of the board; but after such proceedings are had it is not essential that the formal written order be actually signed at a board meeting.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The defendant supervisors on January 5, 1908, determined to lay out a highway across the lands of the plaintiff. At a meeting of the board, called for the purpose of acting upon the application to lay out the highway, prior to any action being taken, and prior to the determination of the board to lay out the same, Supervisor *Ott,* after consulting with Supervisor *Schultz,* asked one Boyum whether, if the board determined to lay out the highway, said Boyum would haul material for the bridges free of charge. Boyum, with some reluctance, and after it was suggested that his neighbors would help him to do the hauling, replied that he would; whereupon a vote was taken upon the proposition and it was determined by the town board to lay out the highway. The plaintiff, being the owner of the lands through which it was proposed to lay out said highway, brought this action to enjoin and restrain the defendants from entering upon his lands or taking any steps to carry out the building of the highway described in the order of the supervisors. The ground upon which the plaintiff sought relief in the original complaint was that the order was made as the result of a corrupt bargain between the defendant supervisors and Boyum, which was contrary to public policy, and that therefore the order was void.

At the close of the testimony plaintiff asked leave to amend his complaint so as to allege that the order laying out the high-

way was not made or signed on June 5th, but that on the contrary the supervisors separated on that day, and later the attorney for one of the parties interested in having the highway laid out drafted the order laying out the road, and that such order was signed on the following Monday by the supervisors without holding any meeting; one of them signing in the city of Columbus, and the others signing at another place in the absence of the chairman. The court refused to permit the amendment. From a judgment dismissing the complaint plaintiff appeals.

For the appellant the cause was submitted on the brief of *Richmond, Jackman & Swansen.*

*Henry A. Gunderson,* for the respondents.

BARNES, J. The trial court found as facts that the proposed road was one and one-half miles in length; that the value of the land which would necessarily be appropriated for its use was $700; that such highway would require the construction of two bridges and two culverts and the building of a grade and the filling in of a roadbed over about 160 rods of marsh; that at the time Boyum promised to haul the bridge material free of charge it was not contemplated that the value of such work would exceed $15 or $20; that such work would be reasonably worth from $30 to $40; and that the supervisors were not in any way induced to lay out such highway because of the promise made to haul the material free of charge, but were actuated by a desire to promote the public interest of the people of the town, and that they laid out the highway because of the public necessity therefor. There is sufficient testimony in the record to support each of the facts so found.

As a conclusion of law the court found that no cause of action was established. The conclusion so drawn was correct. Considering the expense of the proposed highway, the offered aid was so trifling and inconsequential that it could hardly be

an inducement to the board to arrive at the determination thereafter made.

We have no intention to depart from the doctrine of the cases which hold, in substance, that, where the contribution or offer of pecuniary aid is of such a character or is made under such circumstances as would be likely to swerve the town board from its duties, it is against public policy and vitiates official action. *State ex rel. Curtis v. Geneva,* 107 Wis. 1, 8, 82 N. W. 550; *Shelby v. Miller,* 114 Wis. 660, 663, 91 N. W. 86; *State ex rel. Dosch v. Ryan,* 127 Wis. 599, 106 N. W. 1093. Under the facts disclosed in this case it is well-nigh without the range of possibilities that official action was influenced by the offer made, and courts do not sit for the purpose of redressing speculative or theoretical wrongs.

The court permitted two of the supervisors to testify that they had already formed the intent to vote in favor of laying out the highway regardless of whether Boyum promised or refused to haul the bridge material free of charge. The appellant urges that it was error to admit this evidence, because a witness may not be permitted to say what he would have done in a supposed case. The evidence was competent. "An intent already formed is a fact just as much as any other physical fact." *Barker v. W. U. Tel. Co.* 134 Wis. 147, 153, 114 N. W. 439, 440; *Bowe v. Gage,* 127 Wis. 245, 106 N. W. 1074; 1 Jones, Ev. § 170 (167).

The motion to amend the complaint was not made until after the close of the testimony and immediately before argument was begun on the day following. The court refused to permit the amendment, on the ground that there had been no full presentation of the facts necessary to an intelligent determination of the question sought to be raised by the amendment, as well as on other grounds. In view of the situation presented and the reasons given for disallowing the amendment, we cannot say that the court abused its discretion in de-

ciding as it did, and we cannot hold that error was committed except by finding that judicial discretion has been abused. *Phœnix Mut. L. Ins. Co. v. Walrath,* 53 Wis. 669, 676, 10 N. W. 151; *Kleimenhagen v. Dixon,* 122 Wis. 526, 530, 100 N. W. 826.

Appellant further urges that evidence showing that the order laying out the highway was not signed at a board meeting was offered and received without objection, and that therefore such order should be held to be a nullity, and especially so in view of the fact that as to the width of a portion of the road laid out there is a slight difference between the description contained in the order and that found in the petition for the highway. The trial court stated in its decision that the complaint in the action made no reference to this alleged defect in the proceeding, and that when the evidence referred to was admitted the purpose of offering it was not anticipated, and that there had been no full or fair trial upon the point. The court made a finding, however, to the effect that the chairman signed the order at Columbus prior to June 8th. There is no finding as to whether the order was signed by the other two supervisors at a legal meeting of the town board or otherwise, and we apprehend that this is the point which the court thought was not litigated sufficiently to warrant it in drawing any conclusion as to whether the order was signed at or outside of a board meeting. In view of the provision of sec. 1298, Stats. (1898), making the order presumptive evidence of the facts stated therein and of the regularity of all the proceedings prior to the making of the same, it would be a legitimate inference to draw that the order was in fact signed by a majority of the supervisors at a meeting duly called, if it were necessary to indulge in such a presumption. The court does find that at a legal meeting of the board of supervisors held on June 5th such board voted and determined to lay out the highway in question. An attorney who apparently was present at the meeting was employed to draft

the formal order.    There is nothing to show that the order as
finally signed did not comply with the determination of the
board as made at its meeting.    Sec. 1269, Stats. (1898), re-
quires the supervisors of a town, on laying out a highway, to
make and sign an order therefor.    We entertain no doubt that
the determination to lay out the highway must be made and
the required order must be agreed upon at a legal meeting of
the board.    Whether, after such proceedings are had, it is
necessary that the formal action should be reduced to writing
in the form of an order and be actually signed at a board
meeting is another question.    The decision of the board acting
as such is the essential thing.    What follows in the way of
making that decision effective and a proper matter of record
is of a clerical character, and the necessity for community
rather than individual action is not apparent.    Town super-
visors are not men generally learned in the law, and no good
reason exists in favor of holding them to a strict accountabil-
ity where only nonessentials are involved.    The time for con-
ference, consultation, and interchange of views had passed
when the determination to lay out the highway had been
reached.    It must be presumed that each member of the board
read the order as drafted before signing it, and that he was
capable of understanding whether the order complied with
the conclusion of the board, and that he would not have signed
it if it did not.    The reading and signing of the order could
be done as well and as intelligently outside a board meeting
as it could at such meeting.    The statute does not in terms re-
quire that the order be signed at a board meeting, and the
judgment in this case should not be reversed on the findings
or on the facts established outside of and beyond them.

· *By the Court.*—Judgment affirmed.

VOL. 141—6