MILWAUKEE COUNTY, Appellant, vs. VAN DEN BERG and another, Respondents.

*May 9—June 5, 1934.*

For the appellant there was a brief by *William A. Zabel,* district attorney of Milwaukee county, and oral argument by *Clark J. A. Hazelwood,* assistant corporation counsel.

For the respondents there was a brief by *Sanders & Mc-Cormick* of Milwaukee, and oral argument by *A. J. Sanders.*

NELSON, J.   The complaint in substance alleges that on July 26, 1932, defendant Van Den Berg (1) complained to the district attorney of Milwaukee county that one Glavin, then of Los Angeles, California, had theretofore, while in the state of Wisconsin, criminally violated the Wisconsin Securities Act, and (2) requested the issuance of a warrant

for his arrest; that there was considerable discussion between the district attorney and defendant Van Den Berg and her attorneys relating to the possibility of extraditing Glavin; that a warrant was subsequently issued; that thereafter numerous conferences were had by the district attorney with defendant Van Den Berg and her attorneys in which the district attorney was urged to apply to the governor for the extradition of Glavin; that the district attorney hesitated to apply to the governor for extradition papers because of the large expense involved and the doubtfulness of being able to secure the extradition of Glavin in case the latter contested extradition; that the district attorney advised both defendant Van Den Berg and her attorneys that he did not feel justified in putting Milwaukee county to the expense of such proceedings unless some security was given to Milwaukee county; that defendant Van Den Berg thereupon agreed that she would underwrite the expense of the proceedings in the event that the same proved unsuccessful; that thereafter she and defendant Maryland Casualty Company, as surety, executed and delivered to Milwaukee county a bond conditioned as follows:

"The condition of this obligation is such that if the said D. W. Glavin is extradited from California and his conviction obtained by a court of competent jurisdiction in Milwaukee county, on the information filed against him by the district attorney of Milwaukee county, then this obligation to be void, otherwise to be and remain in full force, and the said B. D. Van Den Berg as principal, and the Maryland Casualty Company, corporation, as surety, will reimburse the county of Milwaukee for the actual expenses incurred by the county of Milwaukee, not exceeding the sum of $500.00, in securing or attempting to secure extradition of the said D. W. Glavin from the state of California to the state of Wisconsin."

That in the meantime and in consideration of the representation made by her and her attorneys that the undertak-

ing would be filed, application was duly made to the governor of this state for the extradition of Glavin; that said application was granted and an agent duly appointed to receive and to convey Glavin from the state of California to Milwaukee county; that upon notice duly given by the police department of the city of Milwaukee to the police department of the city of Los Angeles, Glavin was taken into custody; that Glavin retained counsel and indicated his intention to fight extradition; that thereupon a representative of the district attorney's office was sent to California, to be present at the hearing before the governor of that state; that after hearing had extradition was refused; that Milwaukee county had expended and disbursed the sum of $515.50 on account of the per diem and expenses of the agent appointed by the governor and the attorney representing the district attorney in the proceedings before the governor of California.

It appears from the allegations of the complaint that Milwaukee county seeks to recover on a bond given by the defendants and conditioned upon the extradition and conviction of Glavin. The defendants contend that the bond is void because against public policy. The plaintiff contends that the language "and his conviction obtained" should be eliminated as surplusage and that the bond, so deleted, is not against public policy. In our view, the bond, even with the language asserted to be surplusage, eliminated therefrom, is still void because against public policy. There is nothing in ch. 364, Stats. 1931, which authorizes a district attorney or other officer of this state to require a complainant who desires that extradition proceedings be brought, to furnish a bond for the purpose of saving a county harmless for the expenses to be incurred in case the proceedings shall fail. Although the application for the extradition of an alleged criminal is made to the governor, the law requires the district attorney or other prosecuting officer to certify among

other things that he approves of the application and that the ends of justice require that the fugitive should be brought back to this state for trial. Sec. 364.02, Stats. 1931. While it is true that the discretion to grant or refuse the application is in the governor, it is clear that the governor will be influenced by such matters as are required to be certified by the district attorney. Although the governor may issue a requisition even though the district attorney or other officer of this state shall refuse to make application therefor, sec. 364.03, Stats. 1931, the governor should have the benefit of the judgment of the district attorney uninfluenced by any consideration except the public interest.

Although this is a case of first impression we think it is ruled by the principle stated in several of our decisions. In *Merton v. Hansen,* 200 Wis. 576, 229 N. W. 53, recovery was sought on a bond signed by Hansen and his sureties, which Hansen had theretofore been required to furnish as a condition of his being granted a permit to traffic in nonintoxicating liquors and beverages and which bond had theretofore been breached. The complaint on demurrer was held not to state a cause of action. The decision therein was grounded upon the propositions that the town board was not authorized to require a bond of Hansen as a condition of his being granted a permit; that the bond was wrongfully exacted from him, was without consideration and against public policy . The court said:

"The only requirement of the law [Severson law] was that the applicant should be a proper party. That being so, it was against public policy for the town board to be influenced by any other consideration in issuing a license."

Reference was made in that opinion to *State ex rel. Dosch v. Ryan,* 127 Wis. 599, 106 N. W. 1093, which was ruled by the principle of law stated in *State ex rel. Curtis v. Geneva,* 107 Wis. 1, 82 N. W. 550, and *Shelby v. Miller,* 114 Wis. 660, 91 N. W. 86. In *State ex rel. Dosch v. Ryan, supra,* in

which recovery was sought on a bond given in proceedings to lay out a highway, the court said:

"Highways are only to be laid out when the public good will thereby be promoted. Private considerations or inducements cannot rightly enter into the question in any degree. If private individuals with special interests were allowed to bargain with public officers who are exercising this important and sovereign power, and to offer inducements of any kind tending to influence their free action, the interests of the public would be at once in jeopardy. Not only are such bargains void as against public policy, but official action based thereon ceases to be based solely upon the public welfare, and becomes tainted with some degree of private interest.

"To approve of such a course would be to open the door to injustice and favoritism. *State ex rel. Curtis v. Geneva,* 107 Wis. 1, 82 N. W. 550; *Shelby v. Miller,* 114 Wis. 660, 91 N. W. 86. It avails not to say that the majority of the commissioners testify that they would have decided to lay the road had the bond not been given. They did not do so. No decision was made until after the bond was given. The decision is conclusively shown to have been, in part, based upon the fact that the bond had been given. No nice separation of motives is possible. There is safety only in the entire prohibition of such transaction."

In *Shelby v. Miller, supra,* which was an action to recover on an agreement of the defendant to save harmless the town from all costs and expenses which might directly or indirectly be incurred by the town by reason of certain litigation in which proceedings to lay out a public highway to lands owned by the defendant were involved, it was held on demurrer that the complaint did not state a cause of action. The court there said (p. 663):

"Now it is plain that it was the duty of the supervisors to stand for the town in fact as well as in form; that, regardless of whether the arrangement with appellant was free from moral turpitude or not, it required him to carry a burden in his private capacity as a condition of their permitting the suit to be defended, when they should have defended it un-

conditionally if, in their judgment, the public interest called for a defense in the matter, and, if it did not, should have stood by their resolutions not to put in any defense. They were guilty either of extorting from Miller the agreement set forth in the complaint as a condition of the performance of their official duty, or of permitting a mere private person, in consideration thereof, to use their official position to vex Baier with a long and expensive judicial controversy in which they did not believe there was sufficient merit on the side of the town to warrant them in carrying it on. In either view of the matter, sound public policy condemns the agreement. The rule in that regard is aimed at preventing that species of oppression which compels individual members of a community to obtain performance of official duty by purchase, as well as at preventing surrender of that official discretion which the law contemplates shall be bestowed upon every situation in which an officer is required to act."

The court further said (p. 663) :

"But that wise public policy which abhors bartering away official discretion seems to shut the judicial door to respondent's plea for redress."

It is our opinion that the principles of law stated in the decisions reviewed should be applied to this controversy. In so important a matter as applying for a requisition for the return to this state of a fugitive from justice, a district attorney should exercise a judgment and discretion wholly uninfluenced by any consideration other than the public interest. From the allegations of the complaint, it appears that the district attorney had considerable discussion with defendant Van Den Berg and her attorneys as to the possibility of extraditing Glavin; that the district attorney hesitated to apply to the governor for the extradition of Glavin because of the expense involved, and the doubtfulness of being able to secure his extradition; and that he did not feel justified in putting Milwaukee county to that expense unless security therefor was posted. We think it very clear from the allegations

of the complaint that the action of the district attorney was influenced by the giving of the bond. Clearly, under the decisions hereinbefore reviewed, the bond furnished must be held to be wholly unauthorized, without consideration and void because against public policy.

*By the Court.*—Order affirmed.