SANGER vs. BAUMBERGER and others.

*March 9 — March 24, 1881.*

BONDS.  *(1) General rule of construction of bonds with recitals. (2) Indemnifying bond to sheriff, by attachment plaintiff, construed.*

1. It is a general rule in the construction of bonds with conditions for the performance of duties, preceded by *recitals*, that, when the undertaking is general, its obligatory force shall be limited *within the recitals.*
2. Sec. 2739, R. S., provides that where an officer has a writ of attachment against property, if "there is any reasonable doubt as to the ownership of the property or as to its liability to be taken on the writ," he may require security to indemnify him for attaching it. The plaintiff in an attachment suit, and sureties, gave the sheriff a bond, which recites that the latter was about to seize certain personal property, and then makes a recital as to such property in the language above quoted from the statute. *Held,* that it must be presumed that the bond was taken in attempted compliance with the statute, and with intent to limit the liability to the contingency expressed in the statute, i. e., to damages incurred by the sheriff in consequence of the non-liability of the property to seizure on the writ.

APPEAL from the Circuit Court for *Milwaukee* County.

Defendants appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

For the appellants there was a brief by *Edward E. Johnson* and *Geo. W. & Chas. W. Lakin*, and oral argument by *Geo. W. Lakin.*

*J. C. McKenney*, for the respondent.

ORTON, J. This action was brought upon an indemnifying bond given to the plaintiff, as sheriff, by one of the plaintiffs in an attachment suit and three sureties, when the plaintiff, as such sheriff, was about to levy on certain goods as the property of the defendants in the attachment, at the request of the plaintiffs. The bond recites: "Whereas . . . *Casper M. Sanger*, sheriff, . . . is about to seize and levy on certain personal property, *about which there is a reasonable doubt as to the ownership, or its liability to be taken* on the said writ

of attachment." The condition of the bond is to indemnify and save harmless *Sanger* and those acting under his authority as such sheriff, "against all suits, actions, judgments, executions, troubles, costs, charges and expenses arising or which may be had or made against him, or any of them, or which may be suffered or sustained by him, them, or any of them, by reason or in consequence of such levy and seizure, or of the subsequent proceedings thereon."

The bill of particulars furnished with the complaint, assigning a breach of this condition, shows only the proper costs, charges and disbursements upon the attachment, and attorney's fee in a suit for rent for the store in which the goods were kept after the levy, and the judgment and costs in said suit; and it is not pretended that there was any question of the ownership of the property, or its liability to be taken on the writ of attachment, or that any of such charges were incurred on that account. It is not seriously contended that the plaintiff would be entitled to recover in the action if this bond should have such a construction as to limit the indemnity to the consequences arising from "reasonable doubt as to the ownership (of the property), or its liability to be taken on the said writ of attachment." But it is contended by the learned counsel of the respondent, that the language of the condition is general, and not restricted by this recital. On the other hand, it is contended by the learned counsel of the appellant, that the general language of the condition is modified, limited and controlled by such recital, and therefore no recovery can be had under the complaint.

The authorities cited by the learned counsel of the appellant appear to be conclusive that such recitals do limit and control the condition. In *Bell v. Bruen*, 1 How. (U. S.), 169, in application to recitals preceding a guaranty, the supreme court, in the opinion of Mr. Justice CATRON, says: "The general rule is well settled in controversies arising on the construction of bonds with conditions for the performance of duties, preceded

by recitals, that, when the undertaking is general, it shall be restrained and its obligatory force limited within the recitals." To this language of the opinion are cited *Arlington v. Merricke*, 2 Saund. (Part II), 403; *Liverpool Water Works Co. v. Atkinson*, 6 East, 507; *Wardens v. Bostock*, 2 Bos. & Pul. (New Rep.), 175; *Leadley v. Evans*, 2 Bing., 32; *Peppin v. Cooper*, 2 Barn. & Ald., 431; all of which cases fully sustain the principle expressed in it; and we are cited to no authorities in point in which it is held otherwise.

To make it more apparent that the recitals should govern in the construction of this bond, the statute (section 2739, R. S.) provides for an indemnifying bond in cases of attachment, as follows: "If, in any case where an officer has a writ of attachment against property, *there is any reasonable doubt as to the ownership of the property, or as to its liability to be taken on the writ of attachment*, the officer may require sufficient security to indemnify him for attaching such property." The recital in this bond being in the exact language of this statute, we think it is fair to presume that the bond was taken in view of and in attempted compliance with the statute, and that the parties intended that any liability upon it should be limited to the contingency expressed in the statute.

On proof of the charges mentioned in the bill of particulars, the circuit court directed a verdict for the plaintiff. This was clearly erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the case remanded for a new trial.