AMERICAN SURETY COMPANY, OF NEW YORK, v. THORN-HALLIWELL CEMENT COMPANY.

No. 501.* (57 Pac. 237.)

SAME v. CHARLES BRADSHAW.

No. 568.* (57 Pac. 237.)

1. CONTRACTOR'S BOND— *Recitals Construed.* The recitals of the bond sued on are: "Whereas the above-bounden J. T. B. has entered into a certain contract, bearing date April 11, 1895, and hereunto attached, for the furnishing of all labor and material for the construction and completion of a system of water-works for said city of Seneca, Kan., and agreeing to hold said city harmless for any damages that may occur to individuals or property upon or about said work," and the condition thereof contained this stipulation : "And shall well and truly pay for all labor employed and materials furnished and used in said system, as set forth in said contract." The obligee named in the bond is the city of Seneca. *Held*, that this condition will not be treated, as to the surety on the bond, to be repugnant to and rendered nugatory by the recitals aforesaid.

2. ——— *Case Followed.* The class of persons for whose benefit the condition was inserted is sufficiently designated to entitle the plaintiffs to maintain a suit for material and labor furnished the principal and used in the performance of the contract, within the rule announced in *Burton v. Larkin*, 36 Kan. 246, 13 Pac. 398.

Error from Nemaha district court; R. M. EMERY, judge. Opinion filed May 10, 1899. Affirmed.

---

*Petition for order to certify denied by supreme court July 10, 1899.—REP.

*H. L. Heald,* and *Warner, Dean & McLeod,* for plaintiff in error.

*J. E. Taylor,* and *J. E. Stillwell,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : These cases are here on the same facts.   Defendants in error sued the plaintiff and one James T. Broughal on a bond given by Broughal, as principal, and the surety company, as surety, in which the city of Seneca is named as obligee, conditioned for the faithful performance of a contract to do work and furnish the material and erect and complete a water-works system for said city, and to pay for all materials furnished and labor employed by the contractor therein.   Plaintiffs sought to recover for material and labor furnished the contractor in the performance of the contract.   Plaintiffs in error demurred to the petitions of the respective defendants in error.   These demurrers were overruled by the court. In each case the plaintiff in error elected to stand thereon, and judgment went for the amount as prayed in the petition.

The errors assigned raise but a single question — the sufficiency of the petition.   It is contended, first, that the recital in the bond, which is as follows : '' That whereas the above-bounden James T. Broughal has entered into a certain contract, bearing date April 11, 1895, and hereunto attached, for the furnishing of all labor and material for the construction and completion of a system of water-works for said city of Seneca, Kan., and agreeing to hold said city harmless from any damage that may occur to individuals or property upon or about said work,'' limits and controls the ob-

ligation or condition of the bond and renders nugatory and void that part of the obligation or condition which reads as follows: "And shall well and truly pay for all labor employed and materials furnished and used in said system, as set forth in said contract," there being no express promise in the contract itself to pay for the work and material engaged by the contractor, but only an implied promise from the covenant to furnish such labor and material as were necessary to construct and complete the work. In support of this contention, we are referred to 1 Wait, Act. and Def. 680; *Bell et al. v. Bruen*, 1 How. (U. S.) 169; *Marquette B'ld'g Co. v. Wilson*, 109 Mich. 223, 67 N. W. 123; *Bennehan v. Webb*, 6 Ired. (N. C.) 57; *Sanger v. Baumberger and others*, 51 Wis. 592, 8 N. W. 421.

The authorities cited hold that where the condition is general the recitals govern it, and this is the full extent to which those authorities go. Had the condition been simply for the faithful performance of the contract according to its terms, the contention would avail; however, it will hardly do to say that the express condition named in the bond to pay for the work and material enlarges the obligation of the contractor to furnish them. In section 2, article 5, 1 Wait's Actions and Defenses, immediately following the parts cited by counsel, it is said: " In giving construction to the condition of a bond, where the intention of the parties is manifest, the court will suppress insensible words and supply accidental omissions in order to give effect to that intention." In this case there is no occasion to suppress words or supply omissions. The intention of the parties is manifest from the words used in the condition, and effect ought to be given thereto according to the usual meaning of the language used.

It is next contended that the petition discloses that the plaintiffs had not capacity to sue, because the code provides that every action must be prosecuted in the name of the real party in interest, and the plaintiffs do not appear to be the real parties in interest. If the plaintiffs had any rights at all under the bond to re-cover for material and labor furnished by them, or by others, and the claims therefor were assigned to them, they · were the real parties in interest, as suit could not be maintained by the city of Seneca, the obligee named in the bond, for their use, as at common law. Under this contention, it is further said that the plain-tiffs are neither privy to the contract nor to the con-sideration upon which their actions are based. In support of this contention counsel cite us to *Anthony v. Herman*, 14 Kan. 494; *Life Assurance Society v. Welch, as Supt.*, 26 id. 641; *Brenner v. Luth*, 28 id. 583; *Burton v. Larkin*, 36 id. 246, 13 Pac. 398, and two authorities from other states. These cases de-cided by our supreme court hold exactly contrary to the contention of the plaintiffs in error. In *Life As-surance Society v. Welch, as Supt.*, supra, it was said: "Now whatever may be the rule in other states, it is well settled in this state that third parties not privy to a contract, nor privy to the consideration thereof, may sue upon the contract to enforce any stipulations made for their especial benefit and interest." In *Bur-ton v. Larkin*, supra, it was said in the syllabus: "A person for whose benefit a promise to another, upon a sufficient consideration, is made, may maintain an action on the contract in his own name against the promisor." "The name of the person, however, to be benefited by the contract need not be given if he is otherwise sufficiently described or designated. He may be one of a class of persons, if the class is suffi-

ciently described or designated. In any case where the person to be benefited is in any manner sufficiently described or designated, he may sue upon the contract."

Can it be said that this bond does not designate the class of persons for whose benefit the condition to pay for work and material is inserted in the bond? It cannot be said that the obligor was to pay the city of Seneca. The city was to furnish no labor or material. The obligor was to furnish the work and material. He was to pay for it, and the purpose of the condition is apparent. Unless the obligor paid therefor, the plant of the city was liable to be taken under the provision of the statute in relation to mechanics' liens for that purpose. The statute makes special provision that all public officers entering into a contract on behalf of any municipality of the state shall require the contractor to give just such a bond as this is, and further provides that any such person or persons as the plaintiffs are may sue upon such bond. Can it be said that the class of persons to which the plaintiffs belong was not in the minds of the contracting parties, under these circumstances? It is true that the city of Seneca is named as obligee in the bond, instead of the state of Kansas, so that it is said the bond is not, strictly speaking, a statutory bond, and does not come within the provisions of the statute providing that such parties as the plaintiffs are may sue thereon. However this may be, it is evident that the parties had this law in view, and the protection of persons who furnished labor and material was the purpose of inserting the condition in the bond. The contractor engaged for the time being to take the place of the municipality, and to do those things which the municipality would be authorized and required to do under the same circumstances, and he and his surety occupy

Ray v. Bank.

a different relation to the contract and to the parties for whose benefit the condition is inserted from that of obligors and sureties in contracts pertaining to strictly private affairs.

It is also contended that the contract must be strictly construed in favor of the surety. If there was in the contract any doubt, any ambiguity, as to the obligations assumed by the surety, the rule contended for would be applied. But no such uncertainty or ambiguity exists. In support of the conclusions we reach, see *Jordon v. Kavanaugh et al.*, 63 Iowa, 152, 18 N. W. 851; *Baker & Co. et al. v. Bryan et al.*, 64 id. 561, 21 N. W. 83; *Wells v. Kavanaugh et al.*, 70 id. 519, 30 N. W. 871. The statutory provisions of Iowa are not identical with ours but are in effect the same.

The judgments of the court sustaining the demurrers to the petitions are in accord with the law of the state as announced by our supreme court, and are affirmed.

McElroy, J., concurring.

Wells, J., not sitting.