## UTTER *v.* LEACH.

1. PRINCIPAL AND SURETY—BOND AS INSURANCE AGENT—SURETY'S LIABILITY LIMITED TO OFFICIAL CAPACITY.

A bond given by a soliciting agent to general agents of an insurance company conditioned upon the faithful performance of his duties and "account for and pay over all sums of money which he may receive for said general agents or said company, and pay and discharge all his indebtedness to said general agents and said company," *held*, to obligate sureties thereon only for moneys received by him in his

official capacity and within the scope of his duties as such agent, and not to apply to money advanced to him by plaintiffs for living expenses.

2. SAME—BOND CONSTRUED WITH CONTRACT.
In construing the language of a bond conditioned upon the performance of a contract, it is proper to look into the contract as an aid in so doing.

3. SAME—GENERAL UNDERTAKING—RECITALS—CONSTRUCTION.
In a bond with conditions for the performance of duties, preceded by recitals, where the undertaking is general, it will be construed as restrained and its obligatory force limited within the recitals.

Error to Wayne; Webster (Clyde I.), J. Submitted January 13, 1921. (Docket No. 43.) Decided March 30, 1921.

Assumpsit by Archie C. Utter and Albert R. Thomson, copartners as Utter & Thomson, against Charles W. Leach and another for the amount of a bond. Judgment for defendants on a directed verdict. Plaintiffs bring error. Affirmed.

*John J. Gafill* (*Frederic T. Harward*, of counsel), for appellants.

*Race, Haass & Allen* (*Percy M. Lovett*, of counsel), for appellees.

BIRD, J. In April, 1912, plaintiffs, who were general agents of the New England Mutual Life Insurance Company, entered into a written contract with one Neil I. McArthur, constituting him a special agent for the purpose of soliciting life insurance in certain Michigan territory. The contract provided that to insure the faithfulness of McArthur in carrying out the terms of the contract he should execute a satisfactory bond and deliver it to the plaintiffs. A bond with a penalty of $1,000 was prepared and signed by

McArthur as principal and by defendants as sureties, and delivered to plaintiffs. McArthur soon after entered upon the work. He appears to have been without means and plaintiffs advanced to him, from time to time, certain sums of money to pay his living expenses until his employment should become more productive. After a time he quit the employment, and when he did so he was indebted to the plaintiffs for such advancements in the sum of $1,400. He was unable to pay the same. Demand was made upon the defendants as sureties on his bond. They refused to respond, so this suit was begun to enforce payment of the penalty of the bond.

The claim was resisted by the sureties on the ground that the demand was not within the terms of their contract of suretyship. They took the position that their suretyship had reference to McArthur's faithfulness in the business of his employer, and not to private loans made to him by the plaintiffs. The matter went to a hearing and defendants' contention was sustained. Plaintiffs are here asking for a review of the proceedings.

The contract obligation which the sureties incurred in signing McArthur's bond was:

"The condition of this obligation is such that, whereas, said general agents have appointed Neil I. McArthur, of Detroit, their agent to represent the New England Mutual Life Insurance Company, under said general agents for Michigan; now, therefore, if said Neil I. McArthur shall faithfully perform all his duties as said agent, and account for and pay over all sums of money which he may receive for said general agents or said company, and pay and discharge all his indebtedness to said general agents and said company, then this bond shall be void; otherwise it shall be and remain in full force and virtue." *   *   *

The question raised is "Did defendants, by signing

this bond, obligate themselves to pay to plaintiffs moneys which they advanced to McArthur for living expenses?" Plaintiffs rely, in support of their contention, upon the following specific language of the bond:

"And pay and discharge all his indebtedness to said general agents and said company."

We can hardly agree with counsel that this language creates an obligation upon the part of the sureties to pay McArthur's personal indebtedness to some officer of the company who was obliging enough to advance him living expenses. This language, when considered in connection with the general purpose for which the bond was given, would suggest an obligation to pay moneys which McArthur had received while acting within the scope of his duties as special agent of the company. The bond was required to protect the company in matters in which McArthur should represent it and not to protect personal loans made by officials. The language itself does not support the claims made for it by counsel. McArthur promises to pay and discharge all his indebtedness to said plaintiffs, not as individuals but as general agents. This suggests indebtedness to which the plaintiffs, as general agents, were entitled.

The query might arise under this view why the wording of the bond required McArthur to pay his indebtedness to the general agents as well as to the company. This is quite likely explained by the following language which precedes this requirement:

"And account for and pay over all sums of money which he may receive for said general agents or said company."

Both names having been inserted here is a probable reason for both being inserted in the language relied on.

Again it is said that section two of the contract supports plaintiff's construction. This section recites McArthur's duties to the company and among them the following occurs:

"The said party of the second part shall be responsible to the said general agents for all moneys, notes, receipts and policies advanced to or collected by him."

The words "moneys advanced" are pointed out with the argument that this shows McArthur's obligation to plaintiffs was within the terms of the bond. We are unable to agree with this reasoning. This language clearly has reference to McArthur's official work. It does not refer to moneys advanced to McArthur on personal account or on any account other than as in officer of the company. But it does refer to moneys, notes, receipts, and policies which might come to his possession in an official way. Reference to the notes, receipts, and policies certainly has reference to his official duties. The word "moneys" is classed with them and should receive the same construction. If we keep in mind, while trying to find the meaning of this language, that McArthur was to occupy a position of trust with the insurance company, and that the idea back of the bond was to protect the company against loss by reason of recreancy to his trust, we have little difficulty in reaching the conclusion that the bond covers only his official connection with the company and not personal loans by the officials.

In construing the language of the bond it was proper to look into the contract as an aid in so doing. 9 C. J. p. 36. It was said in *New York Life Ins. Co.* v. *McDearmon,* 133 Mo. App. 671 (114 S. W. 57), a case very similar on the facts to the present one, that:

"The general rule is well settled in controversies arising on the construction of bonds, with conditions

for the performance of duties, preceded by recitals, that, where the undertaking is general, it shall be restrained and its obligatory force limited within the recitals. *Bell* v. *Bruen,* 1 How. (U. S.) 169; *Sanger* v. *Baumberger,* 51 Wis. 592 (8 N. W. 421); *National Mechanics' Banking Ass'n* v. *Conkling,* 90 N. Y. 116; *Marquette Opera House Building Co.* v. *Wilson,* 109 Mich. 223; *Blades* v. *Dewey,* 136 N. C. 176 (48 S. E. 627); *Burlington Ins. Co.* v. *Johnson,* 120 Ill. 622 (12 N. E. 205)."

This rule was applied in *Marquette Opera House Building Co.* v. *Wilson, supra,* where a similar question was discussed and determined. It is also recognized in *White Sewing Machine Co.* v. *Mullins,* 41 Mich. 339. The bond in the present case recited the fact that McArthur had been employed as an agent for the company in Detroit and the inference is very strong that the obligation of the sureties was to be confined to McArthur's official relations and dealings within the scope of his duties as such agent.

We are satisfied with the conclusion reached by the trial court and his judgment will be affirmed.

STEERE, C. J., and MOORE, FELLOWS, STONE and SHARPE, JJ., concurred. CLARK, J., did not sit.

The late Justice BROOKE took no part in this decision.