SPENCER *v.* UNDERHILL.

1. PRINCIPAL AND SURETY—BONDS—OBLIGATIONS SECURED.
   In action against insurance agent and sureties on his bonds for money owing, including advances and other indebtedness, trial court properly held that only agency business liabilities, and not loans for personal purposes, were secured.

2. SAME—MISAPPLICATION OF FUNDS LOANED.
   Advances made to insurance agent for contract purposes were secured by his bonds, and their misapplication to personal use would not change their character nor liability of sureties on his bond.

3. APPEAL AND ERROR—MOTION TO DISMISS—AMENDMENT OF RECORD.
   On review by bill of exceptions, appellees' motion to dismiss appeal, on ground that record omitted some of testimony, is denied, where they failed to propose amendments, as required by rules, although afforded ample opportunity to do so.

4. SAME—ARGUING FROM EVIDENCE NOT IN RECORD.

    Practice of setting up in brief and arguing from alleged evidence not in record is improper.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted June 16, 1933. (Docket No. 22, Calendar No. 37,051.) Decided October 2, 1933.

Assumpsit by George A. Spencer against Alex G. Underhill, principal, and Cephas J. Shrier and others, sureties, on insurance agent's surety bonds. Judgment for plaintiff against defendant Underhill only. Plaintiff appeals. Judgment against Underhill affirmed, judgment for defendant sureties reversed, and new trial granted.

*Walter I. McKenzie* and *J. Gilbert Quail,* for plaintiff.

*Arthur E. Brown* and *John L. Crandell,* for defendants.

FEAD, J. Defendant Underhill was an insurance agent, appointed by plaintiff Spencer, general agent of the Security Mutual Life Insurance Company. The other defendants are sureties on bonds given by Underhill to plaintiff and the company. The action is on the bonds. On trial before the court, plaintiff had judgment against Underhill for $2,168.67, admittedly owing. But the sureties had judgment of no cause of action. Plaintiff reviews the latter judgment.

The bonds secure Underhill's engagement to account for and pay to plaintiff and the company all moneys belonging to them respectively, "including any advances or other indebtedness," at time and in manner provided by the agency contract or as required by the company.

The agency contract provided that the company would loan and advance to Underhill the sum of $40 per week—

"for expenses in soliciting insurance and performing such other services in connection therewith as are required by the terms of contract above mentioned."

Plaintiff advanced Underhill various sums and also reimbursed the company for all loans it had made to him.

Plaintiff tried the case on the theory that the bonds covered all Underhill's debts to plaintiff and the company. His proof consisted principally of a book account of Underhill's debits and credits, without explanation of items except as to cash. Defendants contended the bonds secured only moneys of plaintiff or the company coming into the hands of Underhill and misappropriated by him. The court properly held against both contentions and that agency business liabilities, but not loans for personal purposes, were covered by the bonds. *Utter* v. *Leach,* 214 Mich. 31. It denied plaintiff judgment against the sureties for failure of proof that the items were of the protected character.

As to most of the items, there was no showing of their advance for agency business, or, as noted by the court, alternative proof of actual use of the money in the business. However, from the record before us we think the advances of $40 per week were established because they were made under the contract, in the course of office routine, sometimes by clerks, without special direction or understanding, and their misapplication by Underhill to personal use, if he misapplied them, did not change their character nor the liability of the sureties for them.

Nevertheless, plaintiff is not entitled to recover for all the $40 advances because the account shows contemporaneous credits to Underhill. On the other hand, there are many debits other than such advances, so that, without explanations, the credits which should be applied to the advances cannot be identified and a definite balance reached. The record offers no opportunity to make final disposition of the case and it must be reversed, with new trial.

On new trial, the other questions raised doubtless will be met by definite testimony which will permit their fair consideration.

It is only just to the circuit court to say that perhaps we have not the same record which was before it. Defendants claim the record omits some of the testimony and have moved to dismiss the appeal or amend the record. In their briefs they set up questions and answers which they claim were omitted and which would strongly support the findings of the court. Plaintiff elected to review on bill of exceptions, and defendants, although offered ample opportunity, failed to propose amendments, as required by the rules. Instead they adopted obstructive and unwarranted procedure. In their briefs they indulge in the improper practice of arguing from matters not in the record. Their motion is denied, with costs.

Judgment against Underhill will stand because no appeal from it was taken. The judgment in favor of the sureties will be reversed, with new trial, and without costs to either party.

McDONALD, C. J., and POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.