GIBSON v. AGRICULTURAL LIFE INS. CO. OF AMERICA.

1. INSURANCE—EXTENT OF LIEN OF COMPANY ON RENEWAL COMMISSIONS—AGENT'S MORTGAGES.

Lien on renewal commissions as security for any claim due or to become due to life insurance company from its agent for solicitation of insurance *held*, to apply not only to claims arising under agency contract but also as security for mortgage loans to it made on real estate owned by agent.

2. CONTRACTS—INTERPRETATION—AMBIGUITIES.

Interpretation that gives effect to every provision contained in a contract should be adopted where only the contractual rights of the principals are involved and there is no ambiguity in the instrument.

3. INSURANCE — RENEWAL COMMISSIONS — ENFORCEMENT OF COMPANY'S LIEN—SET-OFF AGAINST DECEASED AGENT'S DEFAULTS.

Rule that failure to file a claim, either present or contingent, with commissioners on claims for amount due on notes secured by mortgages given by deceased bars subsequent set-off against

defaults thereunder *held*, inapplicable to renewal commissions under life insurance solicitor's agency contract, vested in agent, his heirs or assigns for term of the contract where insurance company by the agency contract has a lien on such commissions ''for any claim due or to become due'' to it from the agent and which commissions it retained when interest and taxes on property mortgaged by agent to it became delinquent as it is merely subjecting specific property to its claim.

4. SAME—WAIVER OF CLAIM OF LIEN ON RENEWAL COMMISSIONS—MORTGAGES—INTEREST—TAXES.

Mortgagee, an insurance company, *held*, not to have waived its claim of lien on renewal commissions under life insurance solicitor's agency contract for defaults in payments on mortgages given it by agent because renewals were paid by it for a period to widow, assignee of agency contract, after agent's estate had been closed where record indicates widow made payments of interest and taxes regularly and no principal payments are shown to have become due during period renewal commissions were paid her.

5. SAME—ASSIGNÉE OF AGENCY CONTRACT—RENEWAL COMMISSIONS—SET-OFF OF MORTGAGE INTEREST AND TAX DEFAULTS.

Widow, as assignee of renewal commissions under husband's life insurance solicitor's agency contract *held*, barred from recovery in suit to collect such commissions while in default as to interest and taxes on property mortgaged to defendant insurance company although lien on renewal commissions had been waived by a settlement agreement as to principal sums on mortgages.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 12, 1937. (Docket No. 100, Calendar No. 39,716.) Decided December 14, 1937.

Assumpsit by Jessie M. Gibson against Agricultural Life Insurance Company of America, a Michigan corporation, for sums due on agent's renewal commissions. Judgment for defendant. Plaintiff appeals. Affirmed.

*Savery, McKenzie & Hamilton (John A. Hamilton, of counsel), for plaintiff.*

*Wilkinson, Lowther & O'Connell,* for defendant.

CHANDLER, J.   On January 28, 1918, one George J. Gibson, now deceased, who was the husband of plaintiff, entered into a written contract of agency with the defendant company under which he was engaged to solicit applications for life insurance, and he continued in the employ of said insurance company under the contract until his death on November 15, 1927.   The provisions of this contract deemed essential for consideration of the questions involved in this case are the following:

"5.   The renewal commission provided herein shall be vested in the agent, his heirs or assigns, for the entire time provided in this contract. * * *

"14.   The company shall have, and is hereby given a first lien upon any commissions or renewals as security for any claim due or to become due to the company from said agent."

Mr. Gibson left a will which was probated in the probate court for the county of Wayne, and under the order of that court entered on November 6, 1929, the residue of his estate, including the agency contract herein referred to, was assigned to the plaintiff.

During the period that Mr. Gibson was operating under his contract with defendant he engaged in real estate and quite extensive building operations, and in the course of financing his building operations he borrowed money from the defendant and from time to time he and plaintiff executed real estate mortgages to the defendant securing promissory notes executed by them to the company.   At the time of

his death there were seven of these mortgages outstanding and unpaid. The plaintiff acquired title under the will of her husband to the seven parcels of real estate covered by the above mentioned mortgages.

At the death of Mr. Gibson he was indebted to the defendant, in addition to the note and mortgage indebtedness, for premiums on insurance in the amount of $3,000 or $4,000. His commissions on renewals at the time of his death averaged about $400 or $500 per month, and the defendant retained these commissions until the debt of Gibson to it for the premiums had been paid. Further renewal commissions were paid to the plaintiff, and the plaintiff within this period paid interest on the notes and mortgages in question to defendant. Sometime prior to May 19, 1933, the plaintiff ceased making payments of interest on the notes and mortgages to defendant, and the defendant thereupon ceased paying renewals to plaintiff, insisting that it had a lien upon the said renewal commissions for any sum due it from Gibson. On May 19, 1933, plaintiff and the defendant entered into a certain agreement relative to the matters in controversy between them, which agreement is evidenced by a letter from defendant to plaintiff, reading as follows:

"In connection with settlement between this company and yourself as of this date with reference to renewal commissions held here because of delinquent mortgage interest, the following memorandum sets forth our understanding of the terms of the arrangement we have just concluded with your representative, Mr. John A. Hamilton.

"You are released from all claims on our part because of mortgages or notes executed by Mr. Gibson and yourself with the exception of three mortgages known as our Nos. 581, 669 and 711 covering

11334 Ward avenue, 9977 Ward avenue, and 9957–9959 Ward avenue, respectively. On these three we have this date deducted from the renewals held here the amount necessary to reinstate the same as to delinquent interest. It is our understanding that you agree to keep up these three mortgages in the future as to interest and as to taxes to the extent that none of the three places should be allowed to go to tax sale. We agree, in connection with these three places, to not foreclose our mortgage on any of the three places before October 9, 1936, as long as the interest and taxes are taken care of under the same as above set forth.

"It is agreed that future renewals accruing to your credit will not be held by the company or used as a claim set-off for any mortgage interest or indebtedness except as against past due interest and taxes that have gone to sale on the three mortgages just above referred to.

"In connection with the adjustment of matters between us of this date, you are deeding four properties to us in satisfaction of our mortgages Nos. 558, 613 and 691. Notwithstanding the date of these deeds, we agree that rents falling due from tenants on any of the properties involved shall not belong to us until after May 31, 1933."

Pursuant to this agreement the four parcels of real estate mentioned therein were deeded by plaintiff to defendant and plaintiff was released from the obligation on said four notes and mortgages and defendant made application of sufficient of the renewal commissions to cure default in payment of interest and taxes on the three remaining mortgages, and paid to the plaintiff the difference between the amount of said renewal commissions and the amount due it for interest and taxes.

For some time subsequent to this agreement the plaintiff continued to make interest payments upon

the three mortgages mentioned therein, and the defendant continued to remit to her renewal commissions as they fell due.   Ultimately, the plaintiff ceased to make her interest payments on the mortgages, whereupon defendant ceased remitting renewal commissions to her.   The plaintiff then brought this action to recover such commissions, and the defendant by its answer and testimony justified the withholding of such commissions upon the ground that it had a lawful lien upon them for the payment of sums due to it under the mortgages which it holds against plaintiff's property.

The parties upon the trial of this case agreed in open court upon the amount of renewal commissions withheld by defendant and the amount of interest payments on the mortgages due and unpaid, and the record discloses that the amount due on the notes and mortgages at the time of the trial exceeded the amount of the renewal commissions by upwards of $300.   The trial court held that the plaintiff, as assignee of the agency contract, stands in exactly the same position as her deceased husband would stand were he now alive, and that, "giving the wording of paragraph 14 of the agency contract its plain and unequivocal meaning, upon arriving at the conclusion that the sensible connotation of the word 'any' implies 'all' and not 'some,' the legal conclusion follows that the defendant is entitled to retain the earned renewal commissions arising from its agency contract with Gibson and cannot be held legally liable for same in this action."

The plaintiff appeals from a judgment of no cause of action based upon this conclusion by the trial court, and contends:

1.   That paragraph 14 of the contract between her husband and the defendant does not permit it to ap-

ply the renewal commissions upon payments due upon the notes and mortgages executed by decedent and herself.

2. That defendant is barred as a matter of law from setting off said renewal commissions against payments due upon said notes and mortgages in this action by reason of its having failed to file a claim, either present or contingent, for the amount due on said notes secured by said mortgages with the commissioners on claims before the closing of Gibson's estate.

3. That the defendant by its conduct in making payments to plaintiff of the renewal commissions due under its contract with decedent for approximately one year after the estate was closed without making any claim of lien to plaintiff by reason of the indebtedness due on said notes and mortgages, has released and waived all claims of defendant to a lien on said renewal commissions as additional security for the payment of the notes secured by said mortgages.

4. That the letter from defendant to plaintiff, *supra,* is not such a final settlement of all matters between plaintiff and defendant as to bar her legally from instituting a suit for the recovery of renewal commissions owing under the contract assigned by order of the probate court to plaintiff.

This case was tried before the Honorable Robert M. Toms of the Wayne circuit court without a jury, who, in passing upon the first question raised by plaintiff, said:

"Looking first at the wording of the agency contract it will be observed that the defendant company is given a lien 'upon the renewal commissions as security for any claim due or to become due to the company from said agent.' Obviously, the clause

contemplates future indebtedness. Does it also contemplate indebtedness from any source or of any character, even though not related to the contract of agency? The clause uses the word 'any,' which, to the ordinary understanding implies 'of every kind.' The word negatives the idea of exclusion and would seem to mean just what it says. The plaintiff insists the word 'any' as used in this contract means less than all.   *   *   *

"The plaintiff, as assignee of the agency contract, stands in exactly the same position as her deceased husband would stand, were he now alive. As such assignee there are no special equities in her favor. It is entirely possible that in extending mortgage loans to Gibson during his lifetime the defendant may have relied, not only upon the security of the mortgage, but upon the lien upon renewal commissions arising out of their contract with Gibson. That lien may have been regarded as additional security created by the plain language of the instrument for the repayment of its mortgage loans."

We are in accord with this finding of the trial judge. However, the plaintiff insists that the words "any claim due or to become due to the company from the said agent" in paragraph four of the mentioned contract has reference to claims arising out of or in connection with the writing of life insurance for the company by the agent, and cites *John A. Tolman Co.* v. *Griffin,* 111 Mich. 301; *Utter* v. *Leach,* 214 Mich. 31, in support of her contention. We have examined these cases and find that both were suits on contracts of suretyship involving the contractual obligations of a third party, and not the obligation of the principal himself. In these cases the court held that contracts involving suretyship should be interpreted in the light of the situation of the parties and the subject matter with reference to which it

was evidently given. Where only the contractual rights of the principals are involved and there is no ambiguity in the instrument, that interpretation should be given that gives effect to every provision contained in the contract.

The second question raised by plaintiff in her statement of the questions involved undoubtedly contends for a correct principle of law, but it is not applicable to the instant case in view of the fact that defendant has a lien on the renewal commissions. Defendant here is not making any claim against the estate so far as the general assets of the estate are concerned but is looking to the security evidenced by the mortgages in question and the lien on the renewal commissions evidenced by paragraph 14 of its contract with decedent. Defendant is seeking to subject this specific property to its claim arising from its contract with decedent, which we hold it has a right to do unless it has waived such right by the hereinbefore mentioned settlement agreement which we will later discuss.

Counsel for appellant in their argument of the third statement of the questions involved contend that the defendant in making payment of the renewal commissions for some period after the closing of decedent's estate released and waived all claims to a lien against said commissions. There is no merit to this contention in view of the fact that during said period plaintiff was meeting the interest payments on the notes secured by the mortgages, and there is nothing in the record to indicate that during said period any part of the principal indebtedness of said notes was due.

Lastly, we are not in accord with the contention of the plaintiff that there was not such a settlement of the matters involved beween plaintiff and defendant

as to bar her right to maintain this suit against the defendant for recovery of renewal commissions owing under the agency contract. By this settlement agreement the plaintiff recognized the right of defendant to retain the renewal commissions then in its possession and apply the same in payment of delinquent interest on notes secured by mortgages and delinquent taxes on the mortgaged property. The defendant waived its lien created by the agency contract on the principal mortgage indebtedness, but not as against any interest indebtedness becoming due after the date of said agreement on the three notes secured by mortgages described in the settlement agreement or as against delinquent taxes on the mortgaged premises that plaintiff might permit to go to sale for such delinquency.

Judgment affirmed, with costs to defendant.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL. SHARPE, and POTTER, JJ., concurred.