William C. FILLBACH, Sheriff of Crawford
County, and Geoffrey Banta, Sheriff of Vernon
County, Plaintiffs-Appellants,

v.

PRODUCTION CREDIT ASSOCIATION OF
LANCASTER, a federally chartered
corporation, and Capitol Indemnity
Corporation, a Wisconsin corporation,
Defendants-Respondents.

Court of Appeals

*No. 86–0714. Submitted on briefs April 10, 1987.—Decided
September 24, 1987.*

(Also reported in 416 N.W.2d 617.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Robert J. Kay* and *Elliot B. Staffin* and *Geisler & Kay, S.C.,* of Madison.

For the defendants-respondents the cause was submitted on the brief of *R. R. Roggensack* and *Morse and Roggensack,* of Lancaster.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J. William Fillbach, sheriff of Crawford county, and Geoffrey Banta, sheriff of Vernon county, appeal from a summary judgment dismissing their complaint against Production Credit Association and Capitol Indemnity Corporation. The issue is whether the sheriffs can recover on a bond respondents issued to Sheriff Fillbach in a replevin action. The sheriffs seek their expenses in defending an action brought by the replevin debtors challenging the constitutionality of the replevin statutes. The trial court held that because the recitals in the bond do not cover the sheriffs' legal expenses, they cannot recover and a trial is unnecessary. We disagree and reverse.

PCA brought an action to replevy cattle and farm equipment in which it held a security interest granted by Ronald and Janet Clift. The circuit court ordered replevin. Sheriff Fillbach requested a bond pursuant to sec. 810.03, Stats.[1] Capitol issued the bond. Sheriff

---

[1]Section 810.03, Stats., provides:

> Upon the issuance of an order making a factual determination set forth in s. 810.02 and upon the execution of a bond in an amount approved by the judge or judicial officer and with sufficient sureties approved by the judge or judicial officer, to secure the value of the property, the prosecution of the action, the return of the property to the defendant, if the return thereof be

Fillbach, assisted by Sheriff Banta, seized the property.

The Clifts brought an action for damages under 42 U.S.C. sec. 1983 against the sheriffs in the Federal District Court for the Western District of Wisconsin. They claimed that because the Wisconsin replevin statutes are unconstitutional in various respects, the sheriffs were liable in damages. The district court dismissed the complaint, and the sheriffs brought this action on the bond to recover their legal expenses.

The bond provides in relevant part:

> WHEREAS, an Order directing return of property ... in favor of Production Credit Association of Lancaster, Wisconsin and against Ronald Clift and Janet Clift has been directed and delivered to the said William Fillbach, Sheriff of the County of Crawford, by virtue of which the said Sheriff, at the request of the said Production Credit Association of Lancaster, Wisconsin is about to seize and levy on certain personal property, *about which there is reasonable doubt as to the ownership or its liability to be taken ....*
>
> NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, that if the said [———] shall well and truly indemnify and save harmless the said William Fillbach Sheriff aforesaid, his deputies and persons acting under his or their authority, and each and every one of them, against all suits, actions, judgments, executions, troubles, costs, charges and expenses arising ...,

adjudged, and payment to the defendant of such sum as may be recovered against the plaintiff, the sheriff shall then take the property from the defendant or such persons as are acting on behalf of, in concert with or under control of the defendant, and deliver possession of the property to the plaintiff.

then this obligation to be void, otherwise to be and remain in full force. [Emphasis added.]

The trial court relied on *Sanger v. Baumberger,* 51 Wis. 592, 8 N.W. 421 (1881). The bond in *Sanger* contained "reasonable doubt" language almost identical to that before us and was issued to indemnify a sheriff for executing an attachment. The sheriff sued on the bond to recover his expenses in defending an action for the costs of storing the attached property. The *Sanger* court held that the recitals in the bond limited the general conditions of the bond. Because the recitals referred to seizure of property, "about which there is a reasonable doubt as to the ownership, or its liability to be taken," and because neither the ownership nor that liability was an issue in the earlier action, the *Sanger* court held that the sheriff could not recover his expenses.

The principle announced in *Sanger* is controlling. The recitals in the bond limit its general conditions and therefore the undertaking of the obligors, PCA and Capitol.

The proper application of that principle, a legal standard, is a question of law. The bond is a contract. It is unambiguous. The meaning of an unambiguous contract is also a question of law. *Patti v. Western Machine Co.,* 72 Wis. 2d 348, 353, 241 N.W.2d 158, 161 (1976). We do not defer to a trial court's views on questions of law. *Green Scapular Crusade v. Town of Palmyra,* 118 Wis. 2d 135, 138, 345 N.W.2d 523, 525–26 (Ct. App. 1984).

As in *Sanger* the bond recitals limit the respondents' undertaking to indemnification against expense

relating to ownership or the liability of the property to be taken. Unlike *Sanger,* here the liability of the property to be taken was an issue in the earlier action. The constitutionality of the Wisconsin replevin statutes affects their very existence and therefore the liability of the property to be taken. We conclude that the bond requires respondents to indemnify the sheriffs for their legal expenses in the district court.

Respondents contend that the bond is nevertheless unenforceable because it violates public policy. They point out that sec. 810.03, Stats., does not provide that the bond must indemnify the sheriff. Nor does sec. 810.06, Stats., which permits the defendant to require a return of the seized property upon executing and delivering to the sheriff a similar bond.[2] We agree that sec. 810.03 neither requires nor authorizes a bond by the creditor to indemnify the sheriff in a replevin action.

For that reason, respondents rely on the general rule that in the absence of statutory authority, public officers cannot require a bond as a condition for the exercise of official discretion. *See Milwaukee County v. Van Den Berg,* 215 Wis. 519, 524–25, 255 N.W. 65, 67 (1934) (bond to indemnify district attorney against expense of extradition proceedings held unauthorized, without consideration and void against public policy), and *Merton v. Hansen,* 200 Wis. 576, 579, 229 N.W. 53,

---

[2]Section 810.06, Stats., provides:

At any time before final judgment the defendant may require the return of the property by executing and delivering to the sheriff a bond, executed by sufficient sureties to the effect that the defendant shall be bound to the sum of the bond for the delivery of the property thereof to the plaintiff, if the delivery be adjudged, and for the payment to the plaintiff of such sum as may be recovered against the defendant.

54 (1930) (in absence of statutory authorization, bond required by municipality from license applicant is void). The rule prevents "that species of oppression which compels individual members of a community to obtain performance of official duty by purchase, as well as at preventing surrender of that official discretion which the law contemplates shall be bestowed upon every situation in which an officer is required to act." *Shelby v. Miller,* 114 Wis. 660, 664, 91 N.W. 86, 87 (1902).

The general rule does not, however, apply to a public officer who must seize the property of one person for the benefit of another, if reasonable doubt exists regarding the lawfulness of the seizure. An officer in that predicament may demand that the benefited person agree to indemnify and hold the officer harmless.

The exception to the general rule was recognized in *Grace v. Mitchell,* 31 Wis. 533 (1872). In *Grace* a judgment creditor had delivered an execution to a constable who told the creditor that the judgment was said to be void for want of jurisdiction and asked for indemnification. The creditor promised to indemnify and save the constable harmless. The *Grace* court held that if an officer has a reasonable doubt as to the officer's right to proceed upon an execution, the officer may ask the creditor for indemnification. *Id.* at 544–45.

■ Since sec. 810.03, Stats., does not expressly prohibit a sheriff from demanding indemnification, we hold that if a sheriff has a reasonable doubt regarding the lawfulness of the replevin ordered by the court, the sheriff may ask the replevin plaintiff for indemnification.

We turn to summary judgment methodology, described in many cases such as *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). The sheriffs' complaint pleads the issuance of the bond, the replevin, the federal district court action and its disposition and the sheriffs' expenses in defending that action. In view of *Grace,* we conclude that the complaint states a claim. Respondents' answer, so far as is pertinent, pleads that the bond in the form that it was filed and under the circumstances existing at the time of its issuance and filing, was unauthorized by the Wisconsin Statutes, void for lack of consideration, and is unenforceable as against sound public policy. We conclude that the answer states a defense and raises issues of material fact.

We next examine respondents' motion for summary judgment. The question is whether the affidavit supporting respondents' motion sets forth a prima facie defense regarding the enforceability of the bond. The affidavit is by respondents' attorney. We do not need that affidavit to determine that the bond is not authorized by the Wisconsin Statutes. Whether, however, the circumstances existing at the time of its issuance were such that the bond is unenforceable as against sound public policy is another matter. Having pleaded that defense, we would expect the affidavit to relate the facts making up those circumstances and to show, at least inferentially, that Sheriff Fillbach had no right to request the bond.[3] The affidavit does not do

---

[3]We do not decide whether Sheriff Fillbach had a reasonable doubt as to his right to proceed can be established by affidavit. See

so. It therefore fails to establish a prima facie defense to the sheriffs' action.

Because we conclude that the affidavit supporting respondents' motion for summary judgment fails to set forth a prima facie defense, the motion should have been denied.

*By the Court.*—Judgment reversed and cause remanded.

---

discussion of the problems of determining state of mind for purposes of summary judgment in 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d sec. 2730 (1983). *See also Lecus v. American Mut. Ins. Co. of Boston,* 81 Wis. 2d 183, 190, 260 N.W.2d 241, 244 (1977) (credibility of person with respect to his or her subjective intent does not lend itself to be determined by affidavit).