Jack TER MAAT, Plaintiff,

v.

Harris M. BARNETT, Defendant.

Ronald J. FORSLIN, Defendant-Third Party Plaintiff-
Appellant,

v.

Harris M. BARNETT, Third Party Defendant,

WINNEBAGO COUNTY SHERIFF'S DEPART-
MENT, Respondent.

Court of Appeals

*No. 89-1777. Submitted on briefs March 6, 1990.—Decided
May 22, 1990.*

(Also reported in 457 N.W.2d 551.)

738

For the defendant-third party plaintiff-appellant the cause was submitted on the briefs of *Andrew J. Phillips* of *Yakes & Bauer, S.C.,* of Oshkosh.

For the respondent the cause was submitted on the briefs of *Gerald L. Engeldinger,* Corporation Counsel for Winnebago County, Oshkosh.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.    This appeal involves the application of sec. 815.24, Stats., governing the right of an officer to require security for the execution of a judgment. Ronald J. Forslin appeals from an order dismissing his petition for an order directing the Winnebago County Sheriff's Department to waive its requirement of an indemnity bond for the execution of a judgment. The plain meaning of sec. 815.24 requires "reasonable doubt" to be established before security may be required. Because we conclude that reasonable doubt was not established in this case, we reverse this case and remand it to the circuit court.

Forslin's uncontroverted petition alleged that he obtained a judgment against Harris M. Barnett in the circuit court for Winnebago County, Illinois, on April 25, 1983. He filed the Illinois judgment in the office of the clerk of circuit court for Winnebago County, Wisconsin, on July 15, 1983. *See* sec. 806.24(2), Stats. At that time, Barnett owned a 25% interest in a parcel of real estate in Winnebago County, Wisconsin. The clerk of circuit

court subsequently gave notice of the filing to Barnett. *See* sec. 806.24(3)(b), Stats.

In December of 1983 Barnett and his wife quit-claimed their interest in the property to William and Muriel Pollack. The Pollacks filed a quiet title action to clear Forslin's judgment lien from the property. On January 7, 1985, the circuit court granted Forslin's motion for summary judgment and dismissed the Pollacks' action. In addition, the circuit court granted Forslin's motion for leave to execute the judgment after five years. *See* sec. 815.04(1), Stats.

The judgment, however, has not been executed. The Sheriff's Department has refused to execute without an indemnity bond, and because of his low net worth, Forslin has been unable to obtain one. He petitioned the trial court for an order directing the Department to waive the indemnity bond. At the hearing on Forslin's petition, the corporation counsel for Winnebago County argued that the Department had a right to demand an indemnity bond under sec. 815.24, Stats. The statute provides:

> If there is any reasonable doubt as to the ownership of the property or as to its liability to be taken on the execution the officer may require sufficient security to indemnify him for levying upon such property.

The trial court determined that the possibility of a lawsuit created a reasonable doubt under sec. 815.24 and thus gave the Sheriff's Department the right to require security. Forslin's petition was dismissed.

Our consideration of this appeal requires us to apply sec. 815.24 to the undisputed facts set forth in Forslin's petition. This presents an issue of law which we review *de novo. State v. Wilke,* 152 Wis. 2d 243, 247, 448

N.W.2d 13, 14 (Ct. App. 1989). The task of this court is to give force and effect to the intent of the legislature. *Id.* We do this by a careful reading of the statute, giving the language its ordinary and accepted meaning. *Id.* at 247–48, 448 N.W.2d at 14.

Forslin argues that the Sheriff's Department abused its discretion by refusing to execute the judgment without security. We agree. In *Fillbach v. Production Credit Ass'n,* 141 Wis. 2d 767, 772–73, 416 N.W.2d 617, 619 (Ct. App. 1987), we noted the general rule that absent statutory authority a public officer may not require a bond as a condition to the exercise of his or her discretion:

> The rule in that regard is aimed at preventing that species of oppression which compels individual members of a community to obtain performance of official duty by purchase, as well as at preventing surrender of that official discretion which the law contemplates shall be bestowed upon every situation in which an officer is required to act.

*Shelby v. Miller,* 114 Wis. 660, 664, 91 N.W. 86, 87 (1902), *quoted in Fillbach,* 141 Wis. 2d at 773, 416 N.W.2d at 619.

Section 815.24 creates an exception to the general rule in a situation where a public officer must seize the property of one person for the benefit of another. *See id.* If the officer has a reasonable doubt as to the ownership of the property or its liability to be taken, he or she may require security on execution. *See id.* For example, in *Grace v. Mitchell,* 31 Wis. 533 (1872), notice of a jurisdictional defect in a judgment gave the constable reasonable doubt of his authority to execute and rendered him liable in damages for the execution. *Id.* at 545, *discussed in Fillbach,* 141 Wis. 2d at 773, 416 N.W.2d at 619. The

supreme court stated that in such a situation the officer "should have the right to call upon the plaintiff or party interested for indemnity, and that the plaintiff or such party should be required to give it where he insists upon the writ being executed." *Grace,* 31 Wis. at 540. The court noted, however, that the officer's right to demand indemnity is limited and may only be exercised "in a proper case." *Id.* at 541.

The term "reasonable doubt" means a doubt for which a reason can be given. *See State v. Cooper,* 117 Wis. 2d 30, 34–35, 344 N.W.2d 194, 197 (Ct. App. 1983). Reasonableness is an objective standard rather than an officer's arcane or subjective belief:

> No very slight, unsatisfactory or frivolous grounds will be accepted, nor can the sheriff start doubts or raise questions for the mere purpose of delaying or baffling the party entitled to his services, or by connivance with the defendant.

*Grace,* 31 Wis. at 544–45. Thus, we conclude that the use of the term "reasonable" in sec. 815.24 requires the officer to state a reason for requiring security.

Expression of the officer's reason to the interested parties will provide them with the opportunity to correct any factual errors or deficiencies in the officer's reasoning. While it may be difficult to draw a precise line to determine whether a doubt is reasonable, the statement of a reason protects the officer from unnecessary risks and protects judgment creditors from connivance between the officer and the judgment debtor. *See id.* at 545.

In this case, the Sheriff's Department never expressed or communicated any reason for its doubt. It

did not file a response to Forslin's petition or any other document in the circuit court. At the hearing, the Department's counsel expressed vague concern of a possible lawsuit, but such speculation does not constitute a reasonable doubt. Thus, we reject the trial court's conclusion that the *possibility* of an action against the Sheriff's Department gives rise to a reasonable doubt. This logic renders the word "reasonable" found in sec. 815.24 meaningless and superfluous.[1] This court will not attempt to enumerate or categorize the many possible reasons for doubt that would justify the exercise of discretion by an officer to demand security. We determine only that the unspecified possibility of litigation does not constitute a reasonable doubt under sec. 815.24, Stats., to justify an officer's demand for security.

On appeal, the Sheriff's Department argues that we must presume there was a reasonable doubt as to the propriety of the execution because it demanded security. This argument is made for the first time on appeal. *See Wirth v. Ehly,* 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-46 (1980) (appellate court generally will not review issue raised for the first time on appeal). In addition, despite the Department's assertion that oral argument is not necessary in this case "as it is expected that the briefs of the parties will fully meet and discuss the issues on appeal," we do not find its six-page brief particularly instructive. Its one and a half page argument is devoid of citations to authority. See Rule 809.19(1)(e); *Lechner v. Scharrer,* 145 Wis. 2d 667, 676, 429 N.W.2d 491, 495 (Ct. App. 1988). Accordingly, we decline to consider the

---

[1] A court must avoid an interpretation of a statute which renders any part of it superfluous. *Milwaukee Metro. Sewerage Dist. v. Wisconsin DNR,* 122 Wis. 2d 330, 336, 362 N.W.2d 158, 161 (Ct. App. 1984), *aff'd,* 126 Wis. 2d 63, 375 N.W.2d 649 (1985).

issue. *See id.*[2]

■

In light of the fact that the trial court previously determined that Forslin's interest in the subject property was superior to that of the Pollacks, and because the trial court has granted Forslin's motion for leave to execute the judgment after five years, we consider Forslin's right to execute on the subject property established by the law of the case.

Therefore, we reverse the order of dismissal and remand this case to the trial court. On remand, the trial court shall direct the Sheriff's Department to execute Forslin's judgment without security.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.

FINE, J. *(dissenting).* Although, as explained below, I generally agree with the majority's conclusion that a sheriff may not demand indemnity as a precondition to the execution on a judgment unless the sheriff has a good-faith reasonable doubt concerning the property's ownership or whether it is subject to execution, the appellate record here does not support the majority's mandate. Accordingly, I respectfully dissent.

---

[2]Forslin also argues that the requirement of a bond denies his due process and equal protection rights, *see* U.S. Const. amend. XIV, sec. 1; Wis. Const. art. I, sec. 1, as well as his right to a remedy for a wrong, *see* Wis. Const. art. I, sec. 9. Our disposition of his other argument, however, makes it unnecessary for us to address this issue. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

## I.

The sheriff is a county officer whose position is created by the constitution, Wis. Const. art. VI, sec. 4, with such inherent duties, powers, and prerogatives as were extant when the constitution was adopted. *Professional Police Ass'n v. Dane County,* 106 Wis. 2d 303, 305, 310–311, 316 N.W.2d 656, 657, 659 (1982); *State ex rel. Kennedy v. Brunst,* 26 Wis. 412, 414 (1870). One of the sheriff's duties is to execute on judgments, sec. 59.23(4), Stats., and, in connection therewith, a sheriff is "liable in all respects for neglect of duty," sec. 59.23(9), Stats.[1] This reflects the common law, which occasionally placed the sheriff in an untenable position:

> By the common law it is the first duty of such an officer, after he receives an execution, to make reasonable effort and inquiry to ascertain whether the defendant in the execution has any property in his township or county subject to levy; and, if he finds any such property in the possession of the defendant, it is his duty to levy the execution thereon, and it was his duty to make such levy whether the property was claimed by a third person or not. It devolved upon the officer, under the common law, to show that such property was not subject to execution, if he failed to make the levy. On the other hand, if he made the

[1]Section 59.23(4), Stats., provides that a sheriff shall:

Personally, or by his undersheriff or deputies, serve or execute according to law all processes, writs, precepts and orders issued or made by lawful authority and to him delivered.

Section 59.23(9), Stats., provides:

When the sheriff is required to serve or execute any summons, order or judgment, or to do any other act, he shall be bound to do so in like manner as upon process issued to him, and shall be equally liable in all respects for neglect of duty . . ..

levy, and the property actually belonged to a third person, he became liable to the true owner for trespass or conversion. In this dilemma he could not, under the common law, demand indemnity from the plaintiff even though the third person asserted his title to the property in the most solemn manner. In the performance of his duty the officer was thus required to act at his peril.

*Mayfield Woolen Mills v. Lewis,* 117 S.W. 558, 560 (Ark. 1909). Thus, as the Wisconsin Supreme Court has explained:

Bound to know the law and to decide the question between the contending parties, if he made a mistake and executed the process when he ought not to, he would be responsible in damages to the defendant; but if, on the other hand, his mistake was of a different kind, and he refused to execute the writ when he should, he would be answerable for all loss to the plaintiff. If he decided rightly, it would be well; but as questions of jurisdiction, whether the same has been properly acquired or may have been lost, are often very intricate and difficult, perplexing and doubtful even to the courts, the chances are he would fall into error. Obliged under such circumstances to act at his peril, the difficulties and dangers of his position would be evident, if no means of escape existed through the bond of indemnity.

*Grace v. Mitchell,* 31 Wis. 533, 540–541 (1872).[2] The right to indemnity in Wisconsin is now fixed by statute:

[2]In England, escape from the dilemma was accomplished by permitting the officer to show the court issuing the execution that title to the property at issue was disputed. "[I]t was then discretionary with the court to interpose its protection; and this discretion seems always to have been exercised in [the officer's] favor whenever it appeared that doubts in regard to the title were

> Indemnity may be required. If there is any reasonable doubt as to the ownership of the property or as to its liability to be taken on the execution the officer may require sufficient security to indemnify him for levying upon such property.

Sec. 815.24, Stats. As the majority recognizes, the sheriff's reasons for requiring indemnity must not be "very slight, unsatisfactory or frivolous," and must be founded in good faith. Majority op. at 742 (quoting from *Grace,* 31 Wis. at 544–545). This is the general rule:

> Indemnity cannot be demanded upon any whim or figment of his imagination, but reason for such demand must exist because of substantial apprehensions as to defendant's title or some other reason that he may become liable by such levy. In other words, there must exist a reasonable doubt as to whether or not the goods belong to the execution debtor or are subject to levy, in order to justify the demand for an indemnity bond.

1 W. Anderson, *A Treatise on the Law of Sheriffs, Coroners, and Constables* sec. 493 (1941) (footnotes omitted). *See also Rankin v. Belvin,* 507 S.W.2d 908, 911 (Tex. Ct. App. 1974). Stated another way, the officer is entitled to indemnity either when there is an actual adverse claim to the property, "or such circumstances exist as might well justify a prudent person in apprehending litigation relative thereto." *Mayfield Woolen Mills,* 117 S.W. at 560.

---

reasonable, and the officer acted in good faith." *Mayfield Woolen Mills,* 117 S.W. at 560.

## II.

Although Ronald J. Forslin's request for relief mimics mandamus, based on the record before us it appears that no mandamus action against the sheriff has been started. Rather, the trial court's order at issue here was in response to Forslin's petition in an action where he, as third-party plaintiff, had recovered judgment against Harris M. Barnett, the third-party defendant.[3] The judgment was obtained in Illinois, and was filed in the Wisconsin circuit court for enforcement pursuant to sec. 806.24, Stats.

Forslin's petition alleged that he was Barnett's judgment creditor; that Barnett owned a 25% interest in certain property within the trial court's jurisdiction; that subsequent to the docketing of the judgment in the Wisconsin circuit court, Barnett and his wife conveyed a 50% interest quit-claim deed to William and Muriel Pollack; that the Pollacks brought "an action to quiet title and to purge [Forslin]'s docketed judgment from its lien hold [sic] interest on the Pollacks' property"; that the

---

[3]There is no indication in the appellate record that Forslin's petition was ever served on the sheriff; rather, the "notice of petition" indicates that it was sent to:

Winnebago County Sheriff's Dept.
c/o Corporation Counsel Engeldinger
P.O. Box 2808
Oshkosh, WI 54903-2808

as well as to Barnett's counsel. No one has raised the issue of whether the trial court had personal jurisdiction over the sheriff, *see* Rule 801.06, Stats. ("A court of this state having jurisdiction of the subject matter may . . . exercise jurisdiction . . . over any person who appears in the action and waives the defense of lack of jurisdiction over his or her person as provided in s. 802.06(8)."), or whether the trial court could have granted relief against someone not a party to the action.

Pollacks' action was dismissed on summary judgment; that "[n]o execution has ever been issued in this action"; that his judgment against Barnett was unsatisfied; and that Forslin "has attempted to obtain a bond to indemnify the sheriff for an execution on the Pollacks' property but has been unsuccessful." The petition sought the following relief:

> WHEREFORE, [Forslin] prays for Order waiving the requirement of an indemnity bond to the Sheriff of Winnebago County regarding the execution of his judgment. Alternatively, [Forslin] prays for an Order granting Petitioner a personal signature bond to the sheriff for such execution or for a signature bond of [Forslin]'s son, Glenn E. Forslin, to the sheriff for such execution on Ronald J. Forslin's valid judgment.

Forslin's affidavit in support of the petition indicated that he had "attempted to secure an execution/ indemnity bond for the Winnebago County Sheriff's Department so that the sheriff's department can execute on the judgment in the above matter," but that the efforts were unsuccessful. An unsworn "affidavit" by Forslin's counsel was also submitted in support of the petition. It detailed his unsuccessful attempts to obtain an indemnity bond. The "affidavit" indicated that the attorney "was told by the insurance agents that no bonding company would provide an indemnity bond unless the assets of the judgment creditor (Ronald J. Forslin) were sufficient to justify issuing a bond," and that they would not consider the assets of Forslin's son, Glenn.

A brief hearing was held on the petition, and, other than the Winnebago Corporation Counsel, who appeared for the "sheriff's department," and Forslin's attorney, the appellate record does not reveal that any other person was present. No testimony was offered or taken.

Rather, Forslin's attorney argued that the judgment was good "so liability can't be an issue anymore," and that ownership of the property on which they sought execution was no longer an issue either. Accordingly, he told the trial court that "the necessary requirements for the sheriff to exercise his discretion in requiring a bond haven't been met so therefore he can't exercise discretion."[4] In response, the corporation counsel told the trial court that "if ever a situation cried out for an indemnity bond, it would certainly appear to be that this situation with all its complications does," and that he could "understand why the sheriff's department is apprehensive about the failure to provide an indemnity bond." He noted that he "looked at 815.24," and told the trial court: "I notified my clients of the contents of this petition, and my clients determined that they need sufficient security to be indemnified." The trial court agreed and dismissed the petition.

I recount the contents of the appellate record at some length because as an appellate court we are bound by the record and all its infirmities. *Sedlet Plumbing & Heating, Inc. v. Village Court, Ltd.,* 61 Wis. 2d 479, 483, 212 N.W.2d 681, 683 (1973). Neither the petition nor any document submitted in support of the petition contained any reference to sec. 815.24, Stats., and nothing in those documents could have alerted counsel or the court that the reasonableness of the sheriff's request for indemnity would be at issue. It is thus hardly surprising that there is no evidence in the appellate record, either by testimony or affidavit, of the sheriff's reasons, if any, for refusing to execute without indemnity. *See State v. Kaster,* 148 Wis. 2d 789, 806, 436 N.W.2d 891, 898 (Ct.

---

[4]He also argued that to deny Forslin the right to execute on his judgment because he could not afford a bond would deny him due process.

App. 1989) (state cannot be faulted for not offering evidence when issue on which evidence would be relevant is not sufficiently raised). Under these circumstances, the majority's assumption that there *are* no reasons supporting the sheriff's request for indemnity, and that none were ever expressed, is unwarranted. In essence, the majority ignores the fact that sec. 815.24 grants the sheriff a discretion that is circumscribed only by the requirement that any "doubt" he might have about the propriety of executing on a judgment be "reasonable." If the trial court may proceed on Forslin's unorthodox request for relief (and I express no view on that subject since it has not been briefed), it should direct the sheriff to exercise that discretion and explain his reasons. *Cf. State ex rel. Lewandowski v. Callaway,* 118 Wis. 2d 165, 171, 346 N.W.2d 457, 460 (1984) (mandamus appropriate remedy to compel exercise of discretion).[5] This matter should be remanded for further proceedings.

---

[5] "Discretion is not synonymous with decision-making. Rather, the term contemplates a process of reasoning. This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *McCleary v. State,* 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971).